## CROMWELL-FRANKLIN OIL CO. et al. v. RUSHING et al.

No. 22719. Opinion Filed March 22, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Emerson & Carey and Duncan & DeParade, for respondents.

RILEY, J. Petitioners bring this original action to review an award of the State Industrial Commission made in favor of respondent Robert Lee Rushing.

Petitioners admit that the claimant was injured by accident arising out of and in the course of employment with petitioners, but deny that he sustained any injury to his eyes or either of them. The award was for 250 weeks, or 50 per cent. permanent total disability.

The Commission first found that claimant sustained total permanent loss of vision of the left eye and ten per cent. permanent loss to the right eye. This finding was subsequently changed so as to read: "Ninety per cent. permanent loss of vision in the left eye and ten per cent. loss to the right eye."

It is contended that there is no evidence whatever upon which to base a finding of permanent loss of vision to any extent in either eye, and, further, that there is no competent evidence to sustain a finding of ten per cent. loss of vision, either permanent or temporary, in the right eye.

The contention must be sustained in part. There is some competent evidence tending to prove the permanency of the loss of vision in the left eye.

Dr. J. W. Shelton, from an examination made June 8, 1931, testified in reference to the left eye:

"A. From the irregular refraction of the fundus, the parallactic movement of the vessels of the fundus, the recent loss of vision, vitreous opacity, leads me to believe that Mr. Rushing has a retinal detachment, with the detached portion remaining unchanged. This is rather an exceptional condition and is probably of traumatic origin. Mr. Rushing evidently has myopia in that eye, and we find that this retinal detachment occurs in a large number of cases of myopes."

Dr. Wales, from an examination made on the same date, testified:

"Q. Did you find any indication of retina detachment in this man's eye? A. No, sir. Q. If another physician found this condition, somebody could be mistaken? A. Yes, I could see the entire retina, and it was not detached. Q. Doctor, this retina detachment comes by trauma; could that cause loss of vision? A. Any detachment of the retina will always cause loss of vision. It is an irreparable loss."

The evidence is in direct conflict as to whether or not there was a "retina detachment," but there is no conflict as to whether the "retina detachment," if it existed, is irreparable. The one doctor testified that in his opinion it did exist. The other doctor, while testifying positively that it did not exist, said: "And detachment of the retina would always cause loss of vision. It is an irreparable loss."

If it is irreparable, it must of necessity be permanent.

As to the right eye, no competent witness testified to a loss of vision in excess of 8½ per cent. There is not a word of evidence as to whether or not this loss, if it exists, is permanent. There was, therefore, no evidence upon which to base the finding as to the right eye, either as to the extent thereof or the duration.

In Parson-Gibson Buick Corp. et al. v.

Fox et al., 152 Okla. 196, 4 P. (2d) 38, decided October 20, 1931, it was said:

"We do not hold that the claimant must offer some competent evidence that his vision in his right eye was perfect before the alleged accidental injury occurred, but he must offer competent evidence that he has permanently lost the sight in the right eye or permanently lost the use of the right eye as the result of the alleged accidental injury, before the Commission will be authorized in awarding him compensation for 100 weeks for the loss of an eye."

Claimant contends that the petitioners may not raise the question of the permanency of the injury in this proceeding for the reason that they made no specific denial before the Commission. This contention is not well taken in that the general denial that claimant received any injury to his eyes or either of them was broad enough to cover this question. Strict rules of pleading are not enforced in proceedings before the State Industrial Commission.

The difference between the finding of the Commission and the evidence as to the extent of the injury to the right eye is but little. But the question of whether or not the loss of vision, if any, in the right eye is permanent is very material. If compensation is to be awarded for the partial loss of vision in both eyes on a basis of 500 weeks, or upon a percentage of total disability, the partial loss of vision in both eyes must be shown to be permanent. The evidence shows that claimant returned to work within the five day waiting period and the Commission found that claimant was not entitled to compensation for loss of time.

There being no evidence of permanent partial loss of vision in the right eye, the award is erroneous and must be vacated.

The finding of the Commission is reversed, the award vacated and the cause remanded to the State Industrial Commission for further proceedings in accord with the views herein expressed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. McNEILL, J., absent.