## CROMWELL-FRANKLIN OIL CO. et al. v. RUSHING et al.

No. 23900. Opinion Filed Feb. 21, 1933.

, Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Duncan & DeParade, for respondents.

BUSBY, J. This is the second appeal to this court from the State Industrial Commission by Cromwell-Franklin Oil Company and the U. S. Fidelity & Guaranty Company, as petitioners, from an award made by the Commission to one Robert Lee Rushing, who sustained an injury while working for petitioners on the 27th day of December, 1930.

Claimant's alleged injury was caused by the explosion of a gas line causing him to be blown some four or five feet. At the same time he received burns about his face and eyes which he claims resulted in a permanent partial loss of vision in both eyes. At the first hearing had before the Industrial Commission, at which eye specialists testified, the Commission made a finding that claimant sustained 90 per cent. permanent loss of vision in the left eye and ten per cent. loss to the right eye, and awarded him compensation for 250 weeks or 50 per cent. From this award petitioners appealed to this court. An opinion was rendered March 22, 1932 (156 Okla. 15, 9 P. (2d) 710), reversing said cause on the ground that there was no sufficient evidence to show whether or not the loss sustained by the injury was permanent. The syllabus in the former opinion reads as follows:

"1. Where compensation is claimed for a permanent partial loss of the sight of both eyes, there must be some evidence that the loss sustained was permanent as to both eyes before an award may be made based upon a percentage of permanent total disability, that is, that there was some percentage of permanent loss of sight in each eye.

"2. Where the employer or insurance carrier appears before the State Industrial Com-

mission and denies that claimant received any injuries whatever, the issue thus raised is sufficient to support a contention in a petition for review that there is no evidence to show a permanent injury."

Following the decision reversing this cause, the Industrial Commission had a second hearing, and further testimony was taken as to the permanency of the injury to both claimant's eyes. At this hearing the same eye specialists who had testified in the former hearing gave additional evidence as to the permanency of claimant's injury, and thereafter, on the 24th day of June, 1932, the State Industrial Commission made another finding and order making the same award as in the former trial.

In the case now before this court, counsel for petitioners complains of one proposition, which is as follows:

"There is no evidence reasonably tending to support the findings of the Commission that claimant's loss of vision in his right eye was due to the injury."

He urges that the testimony taken in the case now under consideration does not show that the partial loss of vision in the right eye, which was adjudged by the Commission to be 10 per cent., was due to the injury sustained by claimant. At the second hearing there was conflicting evidence on this point. The evidence reasonably tends to support the findings of the Industrial Commission made at the second hearing. After reading the testimony and briefs, we are of the opinion that the testimony is sufficient to sustain the award made by the Industrial Court, and the same will be affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. BAYLESS, J., absent. RILEY, C. J., absent.