### BURLESON & PACK et al. v. SHOTWELL et al.

No. 23233.    Opinion Filed Sept. 6, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Lillard, Gibbons & Wheeling, for respondents.

HEFNER, J. This is an original proceeding by Burleson & Pack and Zurich General Accident & Liability Insurance Company to review an order of the Industrial Commission awarding compensation to J. C. Shotwell.

The records show that petitioners Burleson & Pack are house movers, and that claimant, while in their employ, and on May 20, 1925, received an injury to his hip and back. An agreed settlement was entered into between the parties, whereby it was agreed that petitioners should pay claimant the sum of $342 as compensation at the rate of $18 per week for 19 weeks because of the injuries sustained. This settlement was approved by the Commission on October 2, 1925, and the amount agreed upon was accordingly paid to claimant by petitioners. On August 17, 1931, claimant filed a motion to reopen his case and prayed that additional compensation be awarded him because of change in his condition. The Commission reopened his case, and, upon hearing on the petition, found that claimant had suffered a change in condition and awarded him additional compensation in the sum of $1,575, because of a 50 per cent. permanent partial loss of the use of his left leg.

Petitioners contend that the Industrial Commission was without authority to reopen the case for the reason that the former settlement was a settlement as upon joint petition within the meaning of sections 7294 and 7325, C. O. S. 1921, as amended by chapter 61, S. L. 1923, secs 7, 13 [O. S. 1931, secs. 13360 and 13391]. The agreement for settlement entered into between employer and employee and insurance carrier is as follows:

"We, G. C. Shotwell residing at 331 West Chickasaw, Oklahoma City, Oklahoma, and Burleson & Pack, have reached an agreement in regard to compensation for the injury sustained by said employee and submit the following statement of facts relative thereto:

"1. Said injury was sustained on May 20, 1925, at 8:30 a. m.

"2. Period of disability: From May 29, 1925, to October 5, 1925.

"3. Nature of injury—bruised hip.

"4. Employee's daily or weekly wage at time of injury: $5 per day.

"5. Permanent, total or partial disability—none.

"6. Terms of agreement as to compensation: $18 per week for 19 weeks beginning May 25, 1925.

"7. Claimant advises that he will be able to return to work by October 5, 1925, and agrees to accept compensation up to that date as final settlement.

"8. Compensation agreed upon herein, as above set forth, is in an amount equal to or greater than is provided for by the Workmen's Compensation Act.

"9. Said employer has furnished for said employee all medical services, etc., reasonably necessary in the treatment of said injury, and in the amount of value as shown below: * * *"

Section 7294, as amended by section 7, ch. 61, S. L. 1923 [O. S. 1931, sec. 13360], provides for settlement upon joint petition of the parties. Section 7325, as amended by section 13, ch. 61, S. L. 1923 [O. S. 1931, sec. 1339], among other things, provides that on the filing of such petition the Commission is authorized and empowered to have a full hearing thereon, to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other and further testimony as may be required by the Commission; that upon such hearing an award shall be entered which shall be final and conclusive between the parties, and the Commission shall thereafter be without jurisdiction to reopen the case. The agreement for settlement in the instant case, in our opinion, is not one upon joint petition within the meaning of the sections of the statute above referred to. It is apparent from the face of the agreement that the parties herein only intended to enter into settlement for injuries sustained resulting in temporary total disability. The agreement, on its face, recites that claimant had received no permanent injuries; that he was able to return to work on October 5, 1925, and that he agreed to accept compensation up to that date as final settlement. Claimant made no claim for permanent injuries, nor was there a claim made at that time that he had sustained either permanent total or permanent partial disability. No evidence was taken by the Commission on the question of permanency of the injury. It is obvious that the parties only intended to settle for injuries resulting in total temporary disability. The Commission was therefore authorized to reopen the case on a showing of a change in condition. The evidence conclusively shows such change, and petitioners do not argue that the evidence is insufficient to sustain the finding of the Commission on this phase of the case.

Claimant contends that the Commission used the wrong method of computing compensation to be allowed him. It is his contention that compensation should have been computed under the section commonly referred to as "other cases section," and that his compensation should be calculated on the basis of 66⅔ per cent. of the difference between his present and previous wage-earning capacity; and that the case should be remanded to the Commission in order that compensation might be computed and awarded claimant under this section. Petitioners urge that this court is without jurisdiction to consider and pass upon this question for the reason that claimant's cross-petition in error has been dismissed. The record sustains this contention.

Since petitioners do not question the method of calculation used by the Commission in arriving at its award, and since claimant's cross-petition in error has been dismissed, this court is without jurisdiction to pass upon this question.

The petition to vacate is denied.

LESTER, C. J., and CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and SWINDALL, JJ., absent.

Note.—See under (1) 28 R. C. L. 823; R. C. L. Perm. Supp. pp. 6246, 6247.