## PRODUCERS & REFINERS CORP. et al. v. BUMPASS et al.

No. 23579. Opinion Filed April 25, 1933.

Thurman, Bowman & Thurman, for petitioners.

Clifton H. Davis, for respondents.

CULLISON, J. This is an original proceeding to review an award of the State Industrial Commission rendered on March

28, 1932, in favor of T. P. Bumpass. The record discloses that claimant received an accidental injury on November 16, 1923, and as a result thereof was paid for temporary total disability during the time he was prevented from working because of said injury. The matter of permanent disability was not considered by the Commission at that time. When claimant's temporary total disability ceased, petitioners paid the amount of compensation due, and claimant filed a receipt therefor acknowledging payment in full for the amount of compensation due. Later claimant filed an application seeking to recover further compensation on the ground of a change in condition. A hearing was had thereon in which the Commission found favorably to the claimant, finding that he had suffered a permanent loss of 25 per cent. of vision in the left eye, and awarded claimant 25 weeks' compensation therefor.

Petitioners contend that the former settlement made with claimant, which said settlement was approved by the Commission, was a final settlement of said cause within the provisions of section 7325, C. O. S. 1921 [O. S. 1931, sec. 13391]. Upon this theory petitioners contend that the State Industrial Commission did not have jurisdiction to proceed further with said cause upon claimant's motion to reopen said cause and determine whether or not there had been a change in condition. We have carefully considered the record and authorities cited by both sides in this appeal. This court held in the case of Burleson & Pack v. Shotwell, 159 Okla. 27, 14 P. (2d) 233, as follows:

"Where settlement is made between employer and employee and the insurance carrier for injuries sustained by the employee resulting in temporary total disability, which settlement was approved by the Industrial Commission, and the question of permanency of the injuries received was not in issue before the Commission, and the settlement was not a joint petition settlement within the meaning of the Workmen's Compensation Act, the Commission has jurisdiction to reopen the case on a showing of change of condition and make an additional award therein."

This holding of the court is adverse to the contention of the petitioners herein, and conclusive of the question presented in this appeal. We, therefore, hold that the petition to vacate the award should be denied. Award affirmed.

RILEY, C. J., and McNEILL, OSBORN,

BAYLESS, and BUSBY, JJ., concur. SWINDALL, ANDREWS, and WELCH, JJ., absent.