## TULSA GAS PRODUCING CO. et al. v. KELLY et al.

No. 21569.   Opinion Filed April 21, 1931.

Rehearing Denied June 30, 1931.

Clayton B. Pierce and A. J. Follens, for petitioners.

Arthur Fitzpatrick, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J.   This is an action to review an award of the State Industrial Commission in favor of claimant Jack Kelly for permanent total disability, less compensation for loss of a leg previously awarded.

On November 12, 1925, Jack Kelly was engaged in hazardous employment of Tulsa Gas Producing Company, and sustained an accidental personal injury arising out of said employment. An automobile truck turned over upon him, resulting in the amputation of his leg, broken ribs, a puncture of the pleural cavity, a fractured collar bone, crushed head, loss of vision and hearing, and incidental injuries. On June 11, 1926, the Commission awarded Kelly 175 weeks' compensation for loss of his leg. Thereafter Kelly filed a motion to modify the award on the grounds of change in condition, but it appears that, for some reason, probably Kelly's illiteracy or his physical condition or both, he did not appear at the hearing and his motion was considered in default. The matter was again set for hearing at Tulsa on April 18, 1927, but again no hearing was had on the merits of the motion to reopen. On October 24, 1929, another claim form was filed by Kelly. On March 15, 1930, a hearing was had at Bartlesville and a subsequent hearing was held at Oklahoma City on May 23, 1930, resulting in the order first mentioned, from which this review is perfected.

It is contended by petitioners that the order of June 11, 1926, awarding Compensation for 175 weeks for loss of leg, became final and that the Commission was without jurisdiction to modify that award thereafter except upon the ground of change of condition as contemplated by section 7296, C. O. S. 1921.

Our view is that, in substance, the final order was in effect a modification of the former award on the ground of change of condition. Section 7296, supra, authorizes the Commission, "upon its own motion or upon the application of any party in interest, on the ground of a change in condition," to review an award and to increase compensation previously awarded, subject to the maximum provided in the act.

Previously the Commission had awarded compensation for the known and definite loss of a leg. Subsequently Kelly filed motion to reopen on the ground of change in condition for the purpose of enlarging the original award to include total permanent disability later developed. While it may be said the Commission dismissed the motion of Kelly upon his default and without prejudice, yet we think the Commission virtually reopened the case upon its own motion. Such action was authorized.

It is contended that there was an entire absence of competent proof supporting the award of permanent total disability, but we have reviewed the evidence at length and find sufficient to justify the final order.

Judgment affirmed.

LESTER, C. J., CLARK, V. C. J., HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.