## COMBINATION DRILLING CO. et al. v. WIGGS et al.

No. 23375. Opinion Filed March 7, 1933.

Rehearing Denied April 18, 1933.

Pierce, Follens & Rucker, for petitioners.

Cooke & Jackson, G. G. McBride, A. L. Jeffrey, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

McNEILL, J. This is an original proceeding in this court to review an award made by the State Industrial Commission in favor of E. A. Wiggs, respondent, and against the Combination Drilling Company, as employer, and Aetna Life Insurance Company, insurance carrier, petitioners.

On July 12, 1929, respondent received an injury while firing boilers for the Consolidated Drilling Company caused by a gauge glass on a steam boiler bursting and hitting him in the right eye. Eight days after the injury his right eye was removed, and on August 16, 1929, respondent filed a motion for lump sum settlement. On said date the Industrial Commission entered an order awarding him 100 weeks' compensation at the rate of $18 per week, less 3 per cent. compound discount, for the loss of his right eye. This compensation was paid by the insurance carrier. Nothing further was done in the case until January 13, 1931, when respondent filed a notice of injury and claim for compensation reciting that the nature and extent of the injury was "throwing glass in right eye causing loss of eye together with partial loss of left eye." On said last-mentioned date he also filed a motion to reopen said cause and grant further compensation based on a change of condition, reciting that subsequent to the settlement for the loss of his right eye, his left eye had grown weak, and that he had sustained a partial loss of vision in his left eye.

Upon this motion, evidence was taken, and on January 30, 1932, the Industrial Commission made a finding that respondent had sustained, in addition to the loss of his right eye, 15 per cent. permanent disability to the left eye, which was due to a sympathetic condition resulting from injury to right eye, and which with the total loss of the right eye amounted to 57½ per cent. permanent total disability resulting from said injury. Respondent was awarded compensation at the rate of $18 per week for 287½ weeks, less a credit for 100 weeks which had been paid for the loss of the right eye, making 187½ weeks to be paid for.

Petitioners urge that this award be vacated on the following grounds:

(1) That the award is contrary to law in that the respondent's claim for loss of vision in the left eye is barred by the one year statute of limitations.

(2) That the findings of fact to the effect that the respondent had sustained a change of condition resulting from said injury to the right eye, and that he had a 15 per cent. permanent disability to the left eye at the time of entering the award on January 30, 1932, due to sympathetic condition, was not reasonably supported by any competent evidence.

(3) That error was committed by the State Industrial Commission in accepting and considering incompetent testimony over the objection of petitioners.

The respondent in describing how the injury was received testified in part as follows:

"A. I was firing boilers for the company, and a gasket on the glass gauge blew out. I put a new one in, and it was leaking a little bit and I adjusted it a little bit to tighten this up and the glass burst and hit me in the right eye, and the left eye was filled with steam and water."

Respondent also testified at the time of the injury that he was almost blind for about a month and had to be led around; that his eye got better; that the doctor told him it would get better; that it had been improving to some extent before he went to work; that he returned to his work in September, 1929, working for a few weeks; that he again returned to work in December, 1929, and continued working until August, 1930; that he was compelled to quit because his eye grew weaker; that it was too dangerous to continue in his line of work; and prior to the accident he had no trouble with either eye.

Petitioners contend that, inasmuch as respondent made no claim for compensation to the left eye, and inasmuch as his disability in the same existed from the date of the accident, all unknown to petitioners, respondent, by neglecting to file his claim for compensation to the left eye within the year from the date of the discovery of his disability, is barred by statute of limitations.

It is the theory of the respondent that he received compensation for the right eye; that the injury which has manifested itself to the left eye constitutes a change of condition and is attributable to the injury which he received to the right eye due to sympathetic condition. This court in the case of Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235, said:

"It is insisted that disability resulting from the injury to the arm was not claimed or made a part of the agreed statement of facts, and, therefore, the Commission is without jurisdiction to act in review of the aggravated condition, as contemplated by section 7296, supra. This is tantamount to saying that the full effect of the accident must be known by the claimant and reported by him within the statutory period, and, if not, compensation cannot be allowed. Such a holding would be contrary to the spirit of the act as well as the liberal interpretation policy adopted. Moreover Section 7296 provides for a review of an award 'on the ground of a change in conditions.' A liberal interpretation impels us to hold that the change in condition, when proven, permits a continuing jurisdiction to end, diminish, or increase compensation previously awarded, even though the change in condition manifests itself in injuries not expressly enumerated in the original award, but yet attributable to the original accident."

Substantially the same question in the instant case was presented in the case of Gypsy Oil Co. v. Jackson, 158 Okla., 139, 12 P. (2d) 694. In that case the employee suffered an injury as the result of a gasoline explosion. The employee was burned from the waist up and it was contended on behalf of the Gypsy Oil Company, the employer, that, although it knew of the explosion, yet there was nothing in the record to show that it ever had any knowledge of any injury to the eyes of respondent, within two years of the original injury. The second paragraph of the syllabus in that case is as follows:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the evidence before the Commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation."

In the body of the opinion this court said:

"The petitioner contends that the State Industrial Commission was without jurisdiction to entertain the claim in that no claim for compensation was made until more than two years after the compensation payments had been discontinued. That contention is based upon the one-year statute of limitations, and is dependent upon whether or not the employee's first notice of injury amounted to a claim for compensation for an injury to the eyes. The employer's first notice of injury, the attending physician's report and the fact that the petitioner paid compensation establish the fact that agents and servants of the petitioner had knowledge of the injury. The petitioner is charged with knowledge of the extent of the disability."

See, also, Earl W. Baker, Inc., v. Maples. 155 Okla. 105, 8 P. (2d) 46; Tulsa Gas Producing Co. v. Kelly, 150 Okla. 257, 300 P. 1000; General Accident Fire and Life Assur. Corp. v. Beatty (Ga.) 163 S. E. 303. When a claim for compensation is filed within one year from the date of the injury, describing the general nature and cause of the injury so that the employer and insurance carrier are afforded a fair opportunity to investigate such injury, such employer and insurance carrier become charged with knowledge of the extent of the disability, if any, and the Industrial Commission acquires jurisdiction to award additional compensation on the ground of change of condition for all resulting disabilities attributable to the original injury, whether specifically named in said claim or not, even after the expiration of one year from the date of the original injury.

There is competent expert testimony to show that the disability to the left eye was due to a change of condition attributable to the original injury received to the right eye. The finding of the Commission to that effect is binding on this court.

In reference to the extent of disability to the left eye, Dr. Guthrie, an eye specialist, was called on behalf of the respondent, and testified as follows:

"On September 2d, his vision was 20/40 plus one or two letters in the left eye. When I examined him today it was 20/50, which can be corrected with glasses to 20/40, which is 23.5 per cent."

20/40 was interpreted by Dr. Guthrie to mean about 16 per cent. loss, and 20/50 meant 23.5 per cent. loss of vision. Respondent had testified that he had no trouble with his eye previous to his injury, and it was immaterial as to the percentage of loss which he had attempted to state in his testimony as to the disability of his left eye. We find no prejudicial error.

Award affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.

Note.—See under (1) annotation in L. R. A. 1916A, 257; 28 R. C. L. 820, 821. (2) annotation in 40 A. L. R. 1474; 28 R. C. L. 823; R. C. L. Perm. Supp. p. 6247.