**GARDNER PETROLEUM CO. et al. v. POE et al.**

No. 24219. Opinion Filed June 6, 1933.

Rehearing Denied Nov. 14 1933.

Pierce, Follens & Rucker, for petitioners.

Cooke & Jackson, Jeffrey & Frye, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

McNEILL, J. This case involves the review of an order and award of the State Industrial Commission. On July 5, 1924, Ezra R. Poe, respondent herein, while working for the Gardner Petroleum Company, sustained an accidental personal injury to his left eye. While he was engaged in pulling rods from an oil well, something fell and struck him in the left eye, which became inflamed. He continued working until July 17, 1924, when his eye commenced to give him serious trouble. He quit work on July 23, 1924, and then went to Dr. Brown, of Ponca City, for medical treatment. He was later sent to Tulsa and treated by Dr. Braswell for about a week. The last treatment rendered by Dr. Braswell was on August 8, 1924. At this time his vision was practically normal in both eyes. On September 29, 1924, he began taking treatments on his own account from Dr. McFarland of Shawnee. Respondent thereafter, on December 31, 1924, requested the Commission for a hearing for the purpose of determining liability, extent of disability, and medical treatment needed.

On April 25, 1925, the Commission, after a hearing, found that on the 5th day of July, 1924, respondent sustained an accidental injury arising out of and in the course of his employment with the Gardner Petroleum Company, petitioner herein. The Commission also found that, prior to July 5, 1924, respondent had contracted trachoma; that the accident aggravated and irritated said respondent's eye and prevented said respondent from performing manual labor from July 24, 1924, to August 9, 1924. The Commission found in part as follows:

"That claimant's vision was practically normal on the 9th day of August, 1924, and that the temporary aggravation and irritation of said diseased condition of claimant's eyes had subsided on the 9th day of August, 1924. The Commission further finds that claimant has sustained no loss of vision as a result of said accident and that any disability suffered by the claimant subsequent to the 9th day of August, 1924, was not the result of said accidental injury on July 5, 1924."

The Commission also found that respondent had been paid compensation from July 29, 1924, to August 9, 1924, and that he was not entitled to further compensation.

Subsequently, on January 24, 1932, respondent filed a motion to reopen said case on the ground of change of condition and asked for further compensation. A hearing was had on this motion, and on October 22, 1932, the Commission entered its order and award finding in respondent's favor and awarding him compensation for permanent total disability under section 7290, subsection 3, based on a percentage of loss of use of two corresponding members. The Commission found that respondent had suffered an 8 per cent. loss to right eye, and 50 per cent. loss of left eye, being equivalent to 29 per cent. loss of both eyes, and that he was entitled to compensation for a period of 145 weeks as the result of an accidental injury sustained by him on July 5, 1924.

Petitioners urge the following propositions:

(1) The State Industrial Commission was without jurisdiction to make an order for compensation.

(2) Said order is illegal and contrary to law.

(3) The purported findings of fact contained in said order are not reasonably supported by any competent evidence.

Petitioners, under their first proposition, maintain that, from the inception of the claim of respondent, they were denying liability for any permanent disability that respondent might have in his eyes. It is the theory of petitioners that respondent was suffering with a disease of the eyes and that such disease was not the result of the accident; that the findings of the Commission on April 25, 1925, to wit: That respondent had contracted trachoma; that the accident had aggravated and irritated said diseased condition of respondent's eye; that it had prevented him from performing manual labor from July 24, to August 9, 1924; and that

he had suffered no loss of vision as a result of said accident; that any disability suffered by respondent subsequent to August 9, 1924, was not the result of the accident—became final and precluded respondent from the right to reopen said case at a later date on a change of condition due to this same disability. There is no merit to this contention.

The Commission could not adjudicate or determine in advance that there would not thereafter result permanent partial or permanent total or even temporary total disability, on change of condition. The Commission had jurisdiction and authority, under section 7296, to end, diminish, or increase compensation previously awarded on the ground of a change of condition under its continuing jurisdiction. In fact, it was not necessary to show a change of condition for an award of permanent partial disability or permanent total disability attributable to the original injury. We have announced this proposition many times. It does seem to be disputed that on August 9, 1924, the vision of respondent was practically normal. Dr. Braswell reported that his vision was 20-20 in right eye and 20-20 minus 2 in the left eye, which is considered nearly perfect vision. Under this testimony the Commission was justified in finding on August 9, 1925, that the temporary total disability had ceased, but it had no authority to speculate by attempting to find permanent partial or permanent total disability might not thereafter result by reason of the original injury.

Under petitioners' second proposition, it is urged that a different accident or injury from that relied upon originally by respondent forms the basis for the award of the Commission. It appears at the last hearing that respondent, in reciting the facts concerning his eyes, testified that on July 7, 1924, two days after the original injury to his eye, while working on another well he got crude oil in his eyes. It is urged that respondent filed no claim for compensation on account of the injury resulting from crude oil to his eye within a period of one year, and that by reason thereof his right to compensation was barred by the statute of limitations. This contention has no sustaining merit. The Commission determined in its order of April 25, 1925, the jurisdictional fact that the injury sustained by respondent was compensable, and that the temporary total disability was due to the injury which respondent received on July 5, 1924. This determination became final. Hughes Motor Co.

v. Thomas, 149 Okla. 16, 299 P. 176. The medical experts had treated respondent after the incident of July 7, 1924, and were afforded full opportunity to investigate and determine the extent and cause of disability. Petitioners are charged with knowledge of the extent of disability attributable to an original injury. Gypsy Oil Co. v. Jackson, 158 Okla. 139, 12 P. (2d) 694; Earl W. Baker, Inc., v. Maples, 155 Okla. 105, 8 P. (2d) 46; Tulsa Gas Producing Co. v. Kelly, 150 Okla. 257, 300 P. 1000; General Accident, Fire & Life Assur. Corp. v. Beatty, 45 Ga. App. 104, 163 S. E. 302, 303; Combination Drilling Co. v. Wiggs, 163 Okla. 88, 20 P. (2d) 901.

As to the last proposition, we find that the evidence amply sustains the award of the Commission that permanent disability existed due to the original injury.

Award affirmed.

RILEY, C. J., and ANDREWS, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL and OSBORN, JJ., absent.