## STANOLIND PIPE LINE CO. v. BREWER et al.

No. 24456.   Oct. 17, 1933.

Clay Tallman and T. W. Arrington, for petitioner.

W. W. Pryor and Hugh Sandlin, for respondents.

McNEILL, J. This is an original action to review an award of the State Industrial Commission. The respondent on September 29, 1931, sustained a compensable injury while in the employ of petitioner. He was digging a bell hole eight to ten feet deep which caved in on him, breaking his collar bone, cracking his ribs, causing a hernia, injuring his spine, and crashing a brachial plexus nerve.

On November 3, 1931, petitioner filed a report of initial payment of compensation showing that compensation was started on October 5, 1931, and that the amount of the first payment was $54 from October 5, 1931, to October 25, 1931. On December 23, 1931, there was filed with the Commission notice to respondent requesting the Commission to stop payment of compensation until such time as respondent would submit to medical treatment offered by petitioner.

On January 7, 1932, respondent filed with the Commission a motion to the effect that he had submitted himself to the physicians employed by petitioner until he had been discharged by them; that he was not cured; that his shoulder bone or blade was displaced; that he returned to said physicians, but was mistreated and abused; that he refused to take further treatments under their care; that he returned to his home and had been under the care of a physician of his own choosing, paying his own expenses.

On March 2, 1932, notice of hearing was filed with the Commission to determine the extent of disability. After a hearing the Commission entered an order and award finding that compensation for temporary total disability had been paid to and including September 27, 1932, except for a period of time in which the respondent refused medical treatment from petitioner. The award was made on January 10, 1933. The Commission also found that respondent was still temporarily totally disabled and needed further medical treatment and rest on account of said accidental personal injury.

Petitioner urges several assignments of error to the effect that the Commission erred in finding that respondent was totally disabled and in need of medical treatment, and that a large percentage of his disability resulted due to the fact that he refused to take medical treatment. Also, that the Commission failed to allow credit on the 300 weeks awarded herein for the period already elapsed, during part of which compensation heretofore had been paid.

The evidence is conflicting, and at the time of the hearing there does not seem to be any dispute between petitioner and respondent that the injury was compensable and that the healing period had ended. Respondent's theory was that he was totally and permanently disabled. It was the theory of petitioner that respondent was partially and permanently disabled due to his refusal to accept medical attention. In view of these theories presented by respondent and petitioner, and the evidence offered by the parties in support of these respective theories, and in view of the fact that there appears to be no competent evidence that there was at the time of the hearing any temporary total disability of respondent, we are of the opinion that the Commission should have determined the question of whether or not the disability was permanent total, permanent partial, or temporary partial, attributable to the original injury, or to a refusal to accept medical attention as contended for by peti-

tioner. See Mea l & Phillips Drilling Co. v. Rush, 158 Okla. 265, 13 P. (2d) 78.

If it can be determined when temporary total disability has ended or ceased and when other disability, if any, to wit, permanent total, permanent partial, or temporary partial, attributable to the original injury, commences, even though difficult of ascertainment, nevertheless, it is the statutory duty of the Commission, either upon its own motion or upon proper application, to ascertain and determine the existence of such questions of fact from the facts and circumstances presented by the record. See Dosen v. East Butte Copper Mining Co., 78 Mont. 579, 254 P. 880; Hamilton & Hartman v. Badgett, 164 Okla. 31, 22 P. (2d) 350.

It is unnecessary to discuss the contentions of petitioner further. In view of the fact that there is no competent evidence reasonably tending to show, nor is it so contended by either party herein, that said respondent was suffering from temporary total disability at the time of the rendition of said award on January 19, 1933, but, on the other hand, it was urged that the healing period and consequently the temporary total disability had ceased, we are of the opinion that the award should be, and the same hereby is, vacated and cause remanded to the Industrial Commission, with directions to make findings consistent with the evidence offered by the parties in support of their respective contentions as to whether or not said respondent is entitled to compensation for permanent total disability or permanent partial disability or temporary partial disability attributable to the original injury.

Award vacated, set aside, and remanded to the Commission for further proceedings not inconsistent with the views herein expressed.

CULLISON, V. C. J., and SWINDALL. ANDREWS, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and BUSBY and WELCH, JJ., absent.