## WESTERN CRUDE OIL CO. v. O'NEAL et al.

No. 29211.   Oct. 17, 1939.

Rolland O. Wilson, of Oklahoma City, for petitioners.

Fred M. Hammer and Major J. Parmenter, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in which the Western Crude Oil Company, employer, and the State Insurance Fund, insurance carrier, as petitioners, seek to vacate an award in favor of Jim V. O'Neal, respondent.

On January 6, 1939, the respondent filed his first notice of injury and claim for compensation, in which it is stated that on December 23, 1938, he suffered an accidental injury to his back, right shoulder, and ribs. On the 10th day of April, 1939, an award was entered for temporary total disability from December 23, 1938, to and including March 15, 1939, and a total sum of $201 was ordered paid to the respondent, together with the necessary medical expenses. Petitioners seek to vacate the award. The employment and the cause and extent of the disability are not an issue in this proceeding. In other words, the petitioners do not question the correctness of the award insofar as it covers temporary total disability. They make two contentions. The first is that the State Industrial Commission erred in not stating in the award that it was limited solely to temporary total disability; the second is that the State Industrial Commission erred in not finding that there existed at the time of the award no permanent disability. Neither of these can be sustained. This court has many times held that the State Industrial Commission' can consider both the temporary and permanent disability if it sees fit to do so, or it can enter an award for temporary disability and leave for a later consideration the question, if any, of permanent disability. This court also held in Gardner Petroleum Co. v. Poe, 166 Okla. 169, 26 P.2d 743, the State Industrial Commission was without authority to preclude the right to consider further disability arising from an accidental injury. There is competent evidence to sustain the finding of the State Industrial Commission under the holdings of this court in Maryland Casualty Co. v. Johnson, 134 Okla. 174, 272 P. 833; Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P.2d 450.

Award sustained.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.