**OKLAHOMA POWER & WATER CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 28998.   Oct. 31, 1939.

608

E. J. Doerner and Harold C. Stuart, both of Tulsa, for petitioner.

O. W. Been and C. L. Andrews, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. In this proceeding Oklahoma Power & Water Company, hereafter referred to as petitioner, seeks a review of an award which was made on November 10, 1938, by the State Industrial Commission in favor of C. L. Rains, hereafter referred to as respondent.

The award so made is based upon a finding of a change in condition which had resulted in a permanent partial loss of vision in both eyes of respondent and directs payment of compensation for percentage of permanent total disability. The petitioner admits that on February 24, 1937, respondent sustained a compensable injury to his left eye which resulted in a 50 per cent. permanent loss of vision in said organ, and that settlement therefor was made under a form 14 agreement which was approved by the State Industrial Commission on April 20, 1937. The petitioner contends, however, that the foregoing disability was the sole and only disability which respondent sustained as the result of his injury, and that there is no evidence to sustain the finding of the commission of a change in condition thereafter, and that in any event an award for percentage of permanent total disability is not permissible.

The record shows that at the hearings held by the State Industrial Commission to determine whether there had been any change in condition of respondent since the order approving the form 14 agreement, the medical testimony was in accord with respect to the fact that the respondent had an impairment in vision in both of his eyes and was in disagreement with respect to whether the impairment to the right eye was attributable to the injury which respondent had admittedly sustained to his left eye. Under these circumstances, it was within the province of the commission to determine whether the disability to the right eye had resulted from the injury. Shell Pet. Co. v. White, 176 Okla. 573, 56 P.2d 830.

While it is true that in any proceeding to reopen on change in condition the burden is upon the claimant to prove the change in condition, and that such change has occurred since the last prior order or award of the commission (Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P.2d 896; Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P.2d 907), this burden is sufficiently discharged when the claimant produces some competent evidence to support a finding in his favor. In the record here presented, we find that in addition to the medical evidence above referred to, respondent also offered evidence, which was uncontradicted, to the effect that he had been examined prior to entering the employ of the petitioner and that his eyes were then without any noticeable impairment, and also further evidence to the effect that after the injury to his left eye he then had no impairment in his right eye, and that shortly thereafter his right eye began to give him trouble, and subsequently he had a material impairment therein. This evidence was sufficient to show a change in condition. See Combination Drilling Co. v. Wiggs, 163 Okla. 88, 20 P.2d 901; Loffland Bros. v. Velvin, 152 Okla. 83, 3 P.2d 855. As said in the case of Magnolia Pet. Co. v. Snapp, 149 Okla. 51, 299 P. 137:

"Evidence that an employee's sight in one eye began to fail shortly after an injury to the other eye and that the condition might have resulted from the injury, is sufficient to support a finding by the State Industrial Commission that the injury did result therefrom."

The contention of the petitioner relative to the sufficiency of the evidence is sustained neither by the record nor the decisions cited.

The remaining contention of petitioner is likewise untenable. Since the decision of this court in the case of Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, it has been held that where a partial loss of two members is involved, the award is to be based upon a percentage of

permanent total disability reasonably found to be produced by the injury to both members collectively and with due regard to their cumulative effect. See, also, Elk City Cotton Oil Co. v. State Industrial Commission, 184 Okla. 503, 88 P.2d 615. Since the award as made is reasonably sustained by competent evidence in the record and rests upon a proper basis, it will not be disturbed by this court.

Award sustained.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ., concur.