PITTSBURGH PLATE GLASS CO. v. DAVISON et al.

No. 30505.   Feb. 17, 1942.

*122 P. 2d 388.*

E. W. Smith, of Henryetta, for petitioner.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding brought by Pittsburgh Plate Glass Company, hereinafter referred to as petitioner, to review an award of the State Industrial Commission made to George Davison, hereinafter referred to as respondent.

The proceeding grew out of an original award made on the 15th day of January, 1940, for an injury sustained March 6, 1939, while respondent was employed as a laborer in petitioner's glass factory at Henryetta, Okla. Respondent was paid $346.56 for total temporary disability from March 6, 1939, for 25 weeks, to and including August 28, 1939. In this award the statement is made that there is insufficient evidence to sustain the finding of permanent disability as a result of the accidental injury.

On June 14, 1940, the respondent filed an application to reopen on the ground that his condition had changed and that he was suffering further disability. Following hearings to determine the nature and extent of the injury, the trial commissioner entered his order under date of June 20, 1941, finding that since the date of the last prior award respondent had suffered a change in condition by reason of which he is temporarily totally disabled; and that he has been so temporarily totally disabled since February 8, 1940. Payment was ordered in the sum of $1,078.49 for 71 weeks at $15.19 per week, payments to be continued during such total disability. The order affirming the award of the trial commissioner was entered under date of July 21, 1941, by the State Industrial Commission on appeal from the order of June 20, 1941. Petitioner seeks a review of this award and has presented two general propositions in its brief: (1) That there is no competent evidence of a change in condition; (2) that since there is no evidence of a change in condition, the State Industrial Commission was without authority to enter any further award for the accidental injury.

Petitioner cites American Oil & Refining Co. v. Kincannon, 154 Okla. 129, 3 P. 2d 877; Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P. 2d 67, and numerous other cases in support of the general rule that there must be a change in condition from and after the date of the award of January 15, 1940, before the State Industrial Commission is authorized to make a further award. It makes a positive assertion that there is no competent evidence of a change in condition from and after the date of the award of January 15, 1940.

The question of whether or not the respondent's condition is due to the injury of which he complains and whether or not the injury is temporary or permanent are questions of fact, and the findings of the State Industrial Commission will not be disturbed by this court if there is any competent evidence reasonably tending to support the same. Marland Production Co. v. Hogan, 146

Okla. 220, 294 P. 115; Gardner Petroleum Co. v. Poe, 166 Okla. 169, 26 P. 2d 743; Sparkman v. Cosden Pipe Line Co., 182 Okla. 184, 77 P. 2d 21; Stanolind Pipe Line Co. v. Brewer, 166 Okla. 29, 25 P. 2d 1100.

This court is committed to the rule that an injured employee who has been paid temporary disability may have a recurrence of temporary disability, and if there is any competent evidence in the record reasonably tending to show that such temporary disability is a result of the accidental injury, an award based on such evidence will not be disturbed on review. Amerada Pet. Corp. v. White, 179 Okla. 82, 64 P. 2d 660; Coline Oil Corporation v. Clark, 161 Okla. 195, 17 P. 2d 372; Sparkman v. Cosden Pipe Line Co., supra; Gardner Petroleum Co. v. Poe, supra. The original award, as above stated, was made January 15, 1940. On June 14, 1940, within six months after the original award had been entered, respondent filed his application to determine the extent of his disability. On June 20, 1941, the State Industrial Commission found that since February 8, 1940, respondent had been totally temporarily disabled as a result of the original injury. The sole question, therefore, under the above cases, is whether or not there is any evidence in the record reasonably tending to support the finding of the State Industrial Commission. The evidence is in irreconcilable conflict. It is the position of the petitioner that respondent is a malingerer. The testimony of the expert witnesses of the respondent is positive and to the effect that he is temporarily totally disabled to engage in any gainful employment; that there has been a change in his condition since the date of the award of January 15, 1940. We find competent evidence in the record reasonably tending to support the finding of the State Industrial Commission, and the award is sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.