NELSON v. CARTER OIL CO. et al.

No. 30957. Oct. 27, 1942.

*130 P. 2d 289.*

Claud Briggs and John Morrison, both of Oklahoma City, for petitioner.

L. G. Owen, Forrest M. Darrough, Joseph L. Seger, Harry C. Chapman, and Ralston P. Edmunds, all of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding commenced by John R. Nelson, here-inafter called petitioner, to review an order of the State Industrial Commission denying an award on an application for the determination of a disability as the result of an accidental injury on change of condition.

On the 14th day of June, 1939, the State Industrial Commission entered its order finding that the petitioner sustained an accidental injury arising out of and in the course of his employment on the 21st day of July, 1938, but lost no time from his employment, and further found in said order that the condition from which the petitioner was then suffering was not directly or indirectly the result of said accidental injury. On appeal to the entire commission this order was affirmed under date of August 26, 1939.

Thereafter, on October 30, 1941, the petitioner filed his application to reopen the cause on a change of condition, and on March 25, 1942, the State Industrial Commission caused to be entered an order the pertinent parts of which are as follows:

"That claimant's motion to reopen on change of condition should be denied, for the reason that the order of the Industrial Commission, under date of June 14, 1939, found that the condition which claimant was suffering was not the result, directly or indirectly, of an accidental personal injury, and that such order of the commission has become final and not appealed from, and the commission is without jurisdiction to reopen on the grounds of change in condition."

We are of the opinion, and hold, that the State Industrial Commission erred as a matter of law in failing to determine the nature and extent of the disability, if any, arising after the date of the prior award. Pittsburgh Plate Glass Co. v. Davison, 190 Okla. 228, 122 P. 2d 388; Commerce Mining & Royalty Co. v. Fields, 186 Okla. 540, 99 P. 2d 124; Western Crude Oil Co. v. O'Neal, 185 Okla. 547, 94 P. 2d 909; Board of County Commissioners of Oklahoma County v. State Industrial Commission, 177 Okla. 645, 61 P. 2d 730; Sparkman v.

Cosden Pipe Line Co., 182 Okla. 184, 77 P. 2d 21, and Gardner Petroleum Co. v. Poe, 166 Okla. 169, 26 P. 2d 743. In Western Crude Oil Co. v. O'Neal, supra, this court stated:

"This court also held in Gardner Petroleum Co. v. Poe, 166 Okla. 169, 26 P. 2d 743, the State Industrial Commission was without authority to preclude the right to consider further disability arising from an accidental injury."

The respondent attempts to justify the order on the basis that the State Industrial Commission proceeded to conduct a full hearing and did then determine from competent evidence that the petitioner is in the same condition as he was in June, 1939. We cannot agree with this contention. There was evidence presented to the State Industrial Commission which may or may not have justified an award. We think it clear from the wording of the order that the State Industrial Commission was under the impression that the order of June 14, 1939, was, in effect, res judicata. The State Industrial Commission should make it clear that it considered the evidence and denied an award either on the ground that there was no permanent disability as a result of the accidental injury (see Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779), or that there was no evidence of a change of condition, if it is its intention to find that he has no disability as a result of the accidental injury of July 21, 1938. On the other hand, it should make an award if it finds from the evidence that there is a disability occurring since the last prior award. Gardner Petroleum Co. v. Poe, supra, is directly in point insofar as it holds there is a duty to conduct a hearing and make or deny an award. See, also, Royal Mining Co. v. Murray, 167 Okla. 460, 30 P. 2d 185; Board of County Commissioners of Oklahoma County v. State Industrial Commission, supra.

The order entered by the State Industrial Commission is vacated and the cause is remanded to the State Industrial Commission for further proceedings not inconsistent with the views herein expressed.

WELCH, C. J., and RILEY, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and OSBORN and BAYLESS, JJ., absent.