## GYPSY OIL CO. v. JACKSON et al.

No. 23081.  Opinion Filed June 28, 1932.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, and C. L. Billings, for petitioner.

E. A. Adriaenssens and John W. Hunt, for respondent.

ANDREWS, J.  This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to review an award in favor of the claimant therein.  The parties hereinafter will be referred to as petitioner and claimant, respectively.

That the claimant received an accidental personal injury arising out of and in the course of his employment on the 21st day of November, 1928, from an explosion of gasoline is admitted.  He was taken by the agents of the petitioner to a hospital at Shidler, Okla., for medical attention and he was there treated at its expense.  There can be no question but that the petitioner had actual knowledge of the injury immediately after it occurred.  Under that state of facts, no notice in writing to the petitioner was necessary.  Evans-Wallower Lead Co. v. Bayless, 154 Okla. 195, 7 P. (2d) 411.

On October 30, 1929, the claimant filed with the State Industrial Commission his first notice of injury and claim for compensation on form No. 3 provided by the State Industrial Commission.  Therein he stated, as the nature and extent of his injury, that he had been burned from his waist up by the explosion of gasoline; that his left arm was partially disabled, and that he believed the disability would be permanent.  That report showed that he had received medical attention from the petitioner and that he had returned to work on January 14, 1929.  No copy of that notice was furnished to the petitioner and the petitioner was not requested to pay compensation.  The record shows that on the 30th day of November, 1928, the petitioner filed with the State Industrial Commission the first notice of injury, and that on the 8th day of December, 1928, the attending physician filed a report with the State Industrial Commission.  In that report the injury was described as consisting of burns on the back, neck, arms, face, and ears.  No action was

taken by the State Industrial Commission on the report of the claimant until July 18, 1931, at which time the claimant, by letter, requested the State Industrial Commission to set the cause for hearing to determine the extent of his injury. Therein he stated that he had been burned about the waist, arms, head, and eyes. It appears that that is the first mention in the record of an injury to the eyes. The claimant admits that he was paid compensation up to the 14th day of January, 1929, the date on which he returned to work for the petitioner. The petitioner filed an answer to the claim in which it stated that it had paid compensation to the claimant up to the 14th day of January, 1929, and that from January 14, 1929, to September 1, 1931, the claimant had been continuously employed by the petitioner at the same or higher wages than he was receiving at the time of his injury.

The petitioner contends that the State Industrial Commission was without jurisdiction to entertain the claim in that no claim for compensation was made until more than two years after the compensation payments had been discontinued. That contention is based upon the one-year statute of limitation and is dependent upon whether or not the employee's first notice of injury amounted to a claim for compensation for an injury to the eyes. The employer's first notice of injury, the attending physician's report, and the fact that the petitioner paid compensation establish the fact that the agents and servants of the petitioner had knowledge of the injury. The petitioner is charged with knowledge of the extent of the disability. Earl W. Baker & Co. v. Maples, 155 Okla. 105; 8 P. (2d) 46.

The petitioner contends that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission as to permanent partial loss of vision in both eyes. There is competent evidence reasonably tending to show that the claimant had a loss of vision in both eyes, but the record shows that that loss of vision is not permanent and that it may be corrected by the use of glasses or by the removal of the "pterygiums" from the eyes. Under the rule stated in Cromwell-Franklin Oil Co. v. Rushing, 156 Okla. 15, 9 P. (2d) 710, the award of the State Industrial Commission of compensation for permanent partial loss of vision is vacated. See Superior Oil Co. v. Swimmer, 156 Okla. 71, 9 P. (2d) 707.

HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.