## CHICAGO BRIDGE & IRON WORKS v. LAWSON et al.

No. 23659.   Opinion Filed April 11, 1933.

Rehearing Denied May 23, 1933.

Oliver C. Black and Clarence Black, for petitioner.

Hammer & Parmenter, for respondent S. L. Lawson.

CULLISON, J.   This is an original proceeding in this court to review an order and award of the State Industrial Commission made and entered on April 23, 1932, in favor of S. L. Lawson, claimant, and against the petitioners herein.

The record discloses that on October 27, 1922, claimant sustained an accidental injury while employed by petitioners in the operation of a riveting machine. Said injury was occasioned by steel shavings, iron scale, and dirt being blown into claimant's face and eyes by a hose with a pressure of over 100 pounds. Claimant's employer had actual notice of the injury and furnished medical treatment. Employee's first notice of injury was filed with the Industrial Commission on April 8, 1923, within one year following the accident. Attending physician's report and employer's first notice of injury were filed thereafter, and an award made by the Industrial Commission on July 6, 1923, approving a compensation settlement between the parties for the aggregate sum of $1,442 the same being 100 weeks' compensation for the complete loss of claimant's left eye.

Pursuant to claimant filing with the Commission, on November 19, 1931, his amended motion to reopen by reason of a change in conditions, several hearings were had, at the conclusion of which, on April 23, 1932, the Commission entered its award for 500 weeks' compensation, less the 100 weeks' compensation already paid, by reason of the complete loss of claimant's vision.

The record discloses that the claim for compensation filed with the Commission in 1923 described the injury as "steel in eye"; the attending physician's report read "blindness in one eye," and the report of the employer used the language "piece of steel in left eye," while claimant's motion to reopen describes the injury as having been one to both eyes, and an impairment of both eyes and his hearing has resulted therefrom.

Petitioners contend, in this proceeding to review said award, that claimant is barred by limitations from procuring compensation for the disabilities which he now claims, the same being additional to those described in his claim for compensation filed with the Commission in 1922, and no claim having been filed specifically therefor within one year after the injury. This involves the jurisdictional question of whether the Commission was empowered to act upon claimant's motion to reopen his case, in view of the foregoing facts.

In the case of Skelly Oil Co. v. Standley et al., 148 Okla. 77, 207 P. 235, this court held:

"It is insisted that disability resulting from the injury to the arm was not claimed or made a part of the agreed statement of

facts, and, therefore, the Commission is without jurisdiction to act in review of the aggravated condition, as contemplated by section 7296, supra. This is tantamount to saying that the full effect of the accident must be known by the claimant and reported by him within the statutory period, and, if not, compensation cannot be allowed. Such a holding would be contrary to the spirit of the act as well as the liberal interpretation policy adopted. Moreover, section 7296 provides for a review of an award 'on the ground of a change in conditions.' A liberal interpretation impels us to hold that the change in condition, when proven, permits a continuing jurisdiction to end, diminish, or increase compensation previously awarded even though the change in condition manifests itself in injuries not expressly enumerated in the original award, but yet attributable to the original accident."

To the same effect, see Gypsy Oil Co. v. Jackson et al., 158 Okla. 139, 12 P. (2d) 694, and Earl W. Baker & Co. et al. v. Maples et al., 155 Okla. 105, 8 P. (2d) 46. In the Gypsy Oil Co. case this court said:

"The petitioner contends that the State Industrial Commission was without jurisdiction to entertain the claim, in that no claim for compensation was made until more than two years after the compensation payments had been discontinued. That contention is based upon the one-year statute of limitation, and is dependent upon whether or not the employee's first notice of injury amounted to a claim for compensation for an injury to the eyes. The employer's first notice of injury, the attending physician's report, and the fact that the petitioner paid compensation establish the fact that the agents and servants of the petitioner had knowledge of the injury. The petitioner is charged with knowledge of the extent of the disability."

It is not denied that claimant filed a claim for his accident within the time prescribed by law, and his claim will not be defeated by his failure to specifically enumerate every result of the accident.

Petitioners next contend that the evidence does not reasonably tend to show that claimant suffered a change in his condition for the worse subsequent to the original award and attributable to the original injury, and that the Industrial Commission was without authority to award said additional compensation.

The fifth finding of the Commission reads as follows:

"That since the execution of said form No. 7, or agreement hereinbefore referred to, and since the Commission's award of July 6, 1923, the claimant has suffered and sustained a radical, severe, and material change in his condition as a result of said accidental personal injury of October 27, 1922, same resulting in a total and permanent incapacity from the performance of ordinary manual labor, and competing in the industrial world by reason of the loss of vision in his eyes."

We think the record contains sufficient competent evidence reasonably tending to support the finding of the Commission as to a change in claimant's condition, supra.

Claimant testified that in July, 1931, his right eye failed him. Dr. H. Coulter Todd testified that in his examination of claimant in 1922 he found the right eye normal and the vision in the left eye almost entirely gone. In July of 1931 he found an extremely impaired vision in claimant's right eye. The doctor stated:

"Q. Thereafter, Doctor, from your last physical findings in July, this year, I will ask you to state whether or not the claimant changed condition as to your examination in December, 1922? A. Yes, sir."

And again the doctor testified:

"Q. It is your opinion he has sustained a material change of condition? A. Yes, sir."

Dr. Todd further testified that the condition of the lens of claimant's right eye is unquestionably due to the degeneration of the lens, following an injury to the lens, and that the cause of this condition is directly due to the accident to the eye on October 27, 1922. Dr. Todd also testified that claimant was totally blind so far as industrial work is concerned.

Under this state of the record, and the uniform holdings of this court in such cases, we hold: The award of the Industrial Commission should be affirmed. All the Justices concur.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.