## OKLAHOMA GAS & ELECTRIC CO. et al. v. HUNSICKER et al.

No. 26389. Sept. 29, 1936.

Rehearing Denied. Dec. 22, 1936.

Bunch & Kelly, for petitioners.

Mac Q. Williamson, Atty. Gen., Charles Blakeley, W. P. Morrison, and John Morrison, for respondents.

CORN, J. This is an original action in this court to review an order and award of the State Industrial Commission rendered in favor of the respondent Bert Hunsicker and against the Oklahoma Gas & Electric Company and the Fidelity & Casualty Company of New York, petitioners.

As reflected by the record, on May 27, 1932, the employer, Oklahoma Gas & Electric Company, filed its first notice of injury with the State Industrial Commission, giving the date of the accident May 11, 1932, and how accident occurred:

"Mr. Hunsicker and Mr. Butler were dismounting transformer dock. During the process of work a small board having a 6 penny nail protruding was stepped on and this nail entered right foot just behind ball of foot, about ¼ inches deep. * * *"

Employee's first notice of injury and claim for compensation does not indicate when same was filed with the commission, but the same is dated the 16th day of February, 1933, and shows cause of accident:

"Stepping on a nail causing a fall * * * Nature and Extent of Injury * * * Injury to right foot and wrenching of the back and right elbow."

We will refer to the parties hereafter as petitioners and claimant.

Petitioners contend that while they had

actual notice of an injury to claimant's foot caused by stepping on a nail protruding from a board, they did not have any notice of an injury to claimant's back which he claimed was caused by a fall at the time of the injury to his foot, and that, therefore, claimant was barred from a recovery by reason of his failure to give notice of his back injury as provided in section 13358, O. S. 1931. Petitioners make this statement in their brief:

"The respondent and insurance carrier do not question the accident and the resulting disability of the nail injury to the claimant's foot. The employer's first notice of injury and the payment of compensation or the payment of wages in lieu of compensation definitely close this question before the commission."

In the case of King Drilling Co. v. Wilson, 163 Okla. 109, 21 P. (2d) 21, it was held:

"The filing of employer's first notice of injury within a few days after a personal accidental injury sustained by an employee arising out of and in the course of his employment, and the filing of a report of initial payment of compensation, are sufficient to challenge the jurisdiction of the State Industrial Commission, and to constitute a claim for compensation. Under such circumstances, section 7301, C. O. S. 1921 (sec. 13367, O. S. 1931), has no application, and it was not necessary for said employee to file any other notice or claim for compensation."

In numerous cases this court has held that the employee's notice of injury need not set out with exact precision the nature and extent of the accidental injury, and that if the evidence shows the claimant to be suffering from additional injuries not specifically enumerated in the notice, these additional injuries may properly be considered by the commission in making its award.

In Baker & Co. v. Maples, 155 Okla. 105, 8 P. (2d) 46, the claimant was injured on March 19, 1927. He was digging a ditch in connection with the construction of a filter plant. The wall caved in causing earth and loose rock to fall upon the claimant. The attending physician's report filed April 13, 1927, described the nature and extent of the injury as "contused wound of right dorsal region about three inches in length, fracture of eighth rib and lacerated wound about three inches in length on anterior tibial surface left leg." Claimant filed his notice and claim for compensation on April 18, 1927, and was paid a small amount of compensation. On January 22, 1931, claimant filed a supplemental claim for compensation, setting up that he had been totally disabled from the date of the injury and had suffered continually from the fracture and dislocation of his backbone, with constant pains in his left side, with a dislocation of the right kidney, and with pains in the right lung. A hearing was had on claimant's motion and an award was made for compensation for his disability. On appeal this court affirmed the award in part, and reversed the award in part. We quote from the opinion:

"Petitioners contended in their supplemental brief that claimant is barred for the reason that a claim for the injury for which compensation was awarded was not filed within one year from the date of the injury, and no showing was made that the employer and insurance carrier had not been prejudiced by the failure to give such notice.

"This contention cannot be sustained. As heretofore pointed out, the record discloses that claimant filed his first notice of injury and claim for compensation April 18, 1927, 30 days after the alleged accidental injury. While it is true that, in describing the nature and extent of the injury in his claim no mention was made of any injury to his back or his lung and he was then apparently claiming only that his leg had been lacerated and that he had two broken ribs, the report of the attending physician showed that claimant had suffered a contused wound of the right dorsal region about three inches in length.

"Exact precision is not required in describing the nature and extent of injuries claimed, for all that is required by section 7292, C. O. S. 1921, is that the notice shall state in ordinary language the nature and cause of the injury. The claimant may be entirely mistaken as to the nature or extent of the injury. Such matters are to be determined by the evidence presented before the commission."

In Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235. Standley was injured on September 12, 1928. Employer's first notice of injury, the attending physician's report, and a stipulation and receipt filed on December 12, 1928, all described claimant's injuries as "crushed chest, cut leg, bruised face, mashed finger." The stipulation was approved by the commission on December 13, 1928. On November 1, 1929, claimant filed a motion to review the award on the ground of a change in condition in that his arm was worse since he signed the final receipt. Evidence was heard and the commission awarded claimant compensation for 40 per cent. permanent disability to his right arm. The physician who attended

claimant at the time of his original injury testified that at that time his right arm was bruised, but that since claimant had been discharged the arm had atrophied and this condition did not exist at the time of the discharge. This court sustained the award of the commission as against the respondent's contention that no claim had been filed for an injury to the arm, and that, therefore, the commission was without jurisdiction.

Quoting from the opinion, we find the following:

"It is insisted that disability resulting from the injury to the arm was not claimed or made a part of the agreed statement of facts, and, therefore, the commission is without jurisdiction to act in review of the aggravated condition as contemplated by section 7296, supra. This is tantamount to saying that the full effect of the accident must be known by the claimant and reported by him within the statutory period, and, if not, compensation cannot be allowed. Such a holding would be contrary to the spirit of the act as well as the liberal interpretation policy adopted."

In Combination Drilling Co. v. Wiggs, 163 Okla. 88, 20 P. (2d) 901, this court held that, where claimant had lost one eye as a result of an accidental injury and had received compensation therefor, and several years later filed a claim for partial loss of use of the other eye due to a sympathetic condition, the commission had jurisdiction to award claimant additional compensation for the partial loss of use of the eye. The first paragraph of the syllabus by the court is as follows:

" 'Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the evidence before the commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation.' Gypsy Oil Co. v. Jackson, 158 Okla. 139, 12 P. (2d) 694."

The cases we have cited stand for the principle that if the employer receives notice of the accident, this is sufficient even though the notice does not specifically enumerate all the injuries received. This court has repeatedly held that the Workmen's Compensation Act should be liberally construed in favor of the injured employee. The petitioners in this case had actual notice that the claimant's foot was injured within the 30-day period and had ample opportunity to make any investigation they desired. The record conclusively shows that the petitioners were not prejudiced by the failure to give written notice or by the failure to give specific notice that the claimant's back was injured. The claimant was treated by petitioners' physician, and the petitioners had available all the evidence which they introduced in an effort to cause doubts as to whether the claimant in fact did receive an injury to his back at the time he claimed.

The testimony of claimant was that while his back hurt him a little after the accident, it was not sufficient to disable him from performing his ordinary duties and he thought the trouble would disappear, and for this reason, failed to give notice immediately of his back injury, and that he did not discover that his back injury disabled him from performing manual labor until about the 1st of October, when he was attempting to do made work.

Under the foregoing authorities the actual notice received by the petitioners in this cause was sufficient compliance with the statutes in regard to notice in so far as the injury to his back was concerned, for the reason the fact that his back was seriously injured was not and could not have been known by the claimant until several months after the accident.

The award of the Industrial Commission is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur. BAYLESS, J., absent. WELCH and GIBSON, JJ., dissent.