## WOLFE v. CARLISLE et al.

No. 28078.    March 8, 1938.

Rehearing Denied March 29, 1938.

Application for Leave to File Second Petition for Rehearing Denied April 19, 1938.

Chas. D. Scales, for petitioner.

W. P. Morrison and John Morrison, for respondents.

PHELPS, J. This is an original proceeding to review the award of the State Industrial Commission in favor of an employee under the Workmen's Compensation Act.

A number of propositions are urged other than the one hereinafter discussed, but due to the fact that all of such contentions have heretofore been denied by the decisions of this court, we deem it necessary to discuss only the proposition that the evidence did not sustain the finding of the commission to the effect that the employer had actual notice of the injury, within the 30-day period prescribed by section 13358, O. S. 1931, pursuant to which notice the commission excused the giving of written notice.

The rule is that an employer cannot complain of an injured employee's failure to give the statutory written notice if the employer had actual notice within the period of limitation and fails to show prejudice because of the absence of written notice. Protho v. Nette, 173 Okla. 114, 46 P.2d 943. The commission found that the employer had actual notice of the injury and was not prejudiced by the claimant's failure to give the written notice within the 30-day statutory period. The crux of the present inquiry then is whether there is evidence reasonably tending to sustain the commission's finding that the employer had actual notice within the 30-day period. It is conceded that notice to the foreman is notice to the employer.

The claimant was employed as a plumber's helper. At the time of the injury he with other employees was engaged in installing a vent on the Broadview Hotel in Oklahoma City. He was pulling four-inch pipe, in 20-feet lengths, up the side of the building and strained himself in his groin. This resulted in a hernia, for which injury the award was made. The foreman, by the name of White, was on the job at the time, and was notified by the claimant. It is said by the employer that such notification was nothing more than a mere complaint, and that neither it nor the subsequent oral communications of the claimant to the employer himself could legally serve as actual notice. This proposition is urged so strenuously by the employer that we quote the actual testimony of the claimant:

"Q. Who did you say was your foreman? A. Leonard White. Q. Was he there? A. Yes, sir. Q. Did you know what was wrong with you at that time? A. No, sir. Q. What did you say, if anything? A. I told White that I had hurt myself. Q. What did you tell him? A. He was on the floor below and I was on the roof and I couldn't pull it any further. He came up there and I told him I had hurt myself. Q. And he said you had probably strained yourself? A. Yes, sir. Q. Did you continue to work? A. I sat down there and rested a little bit. Q. What kind of a pain did you have? A. I would say it was a burning sensation. Q. Where? A. In the groin. Q. Did he suggest that you go to a doctor? A. No, sir. Q. All he said was that you had probably strained yourself? A. Yes, sir."

In addition to the foregoing notification to the foreman, White, the following testimony of claimant was to the effect that he notified his employer, Mr. Wolfe, personally:

"Q. What was the condition of this place where you had the burning sensation? A. After several weeks a little knot showed up. Q. * * * Did you say anything to White about it? A. Not after I told him the first time. Q. Was any reference made as to a doctor? A. Mr. Wolfe said he didn't carry insurance. Q. When did he tell you that? A. About a week or so after I was hurt. Q. About a week or so after you were hurt? What was the occasion for Mr. Wolfe to tell you that he did not carry insurance? A. Well, we were in the office one day,— I don't remember how it came up. Q. Was it in reference to the injury? A. I don't know the instance. Q. Did you have any further discussion about this strain with anyone connected with the Wolfe Plumbing Company? A. I told Mr. Wolfe two or three days afterwards. Q. What did you tell him? A. I thought I had hurt myself. Q. What did he say? A. I don't remember. * * * He said it was a strain or something. * * *"

The following, again, as to the foreman:

"Q. Who was Mr. White? A. He was the plumber. Q. Was he your boss? A. Yes, sir. Q. Was he assisting you? A. No, he was on the floor below. Q. Did he come up? A. Yes, sir. Q. When he came up, what were you doing? A. I told him I hurt myself. Q. Did you tell him how or where you were hurt? A. I told him I hurt down there. Q. Down where? A. In my side. Q. What did he say when you told him that? A. He said I probably strained myself."

The following is from the testimony of claimant, referring again to the employer himself:

"Did you talk to him again after those three days about your injury? A. Yes, I talked to him at other times. Q. Did you tell him you were hurt? A. Yes, sir. Q. Did you say anything about medical attention? A. I told him I wanted to see a doctor, and he said he did not have any insurance."

It was within the discretion of the commission, as the trier of the facts, to believe the foregoing testimony in preference to the contradictory testimony of the foreman and the employer. That rule of review is well established. In our opinion the testimony of the claimant was sufficient, if believed, to sustain the finding that the employer received actual notice within the 30-day statutory period. The information furnished the employer by actual notice need be no more detailed than that which is required by the statute as to written notice. That section, section 13358, O. S. 1931, states that the notice shall contain the name and address of the employee, the time, place, nature and cause of the injury. It cannot seriously be doubted that the last four named items or elements of information were received by the employer. He already knew the name and address. Though not in writing, and though not in such complete technical accuracy of detail as would probably appear from a written notice, the information thus furnished both to the foreman and the employer substantially met the requirements of the statute. At any rate we cannot say as a matter of law that the commission acted arbitrarily in placing that conclusion upon the facts shown by the evidence.

Accordingly, it follows that the award should be affirmed, and it is so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH. and DAVISON, JJ., concur. GIBSON, J., dissents. CORN and HURST, JJ., absent.