## J. B. KLEIN IRON & FOUNDRY CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 28818.   May 31, 1939.

Rehearing Denied Sept. 12, 1939,

S. S. Wachter and Ames, Cochran, Monnet, Hayes & Ames, for petitioners.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The petitioners, J. B. Klein Iron & Foundry Company, employer, and Maryland Casualty Company, insurance carrier, filed their original action in this court to review an award made in favor of respondent Edward C. Keller, employee, and the parties will be so designated in this opinion.

On the 29th day of April, 1938, respondent filed his first notice of injury and claim for compensation stating that he sustained an accidental injury on August 9, 1937, and September 17, 1937, while employed in the shop of petitioner J. B. Klein Iron & Foundry Company. The claim states, "cause of injury, wrench slipped struck me in the stomach in August, 1937; on Sept. 17th, lifting heavy object and caused rupture of stomach."

Petitioners filed written answer denying that respondent had received any accidental injury, and further denied that they had any notice of any injury resulting in a rupture of the stomach. Following numerous hearings, beginning on May 28, 1938, the State Industrial Commission entered an award under date of July 26, 1938, for temporary total disability and ordered payment of $789 in a lump sum covering the period of disability from September 17, 1937, to the date of the award, and weekly payments thereafter at the rate of $18 not to exceed 300 weeks.

Petitioners seek to vacate this award and have presented seven specifications, which shall be discussed under three propositions, to wit: (1) That the ward is not sustained by any competent evidence; (2) that the petitioners had no notice of the accidental injury as required by section 13358, O. S. 1931, 85 Okla. St. Ann. sec. 24; (3) that there is error in computing the amount of the award.

We shall first consider the proposition that there is no competent evidence to sustain the finding of the State Industrial Commission that on August 9, 1937, the respondent received an accidental injury resulting in total disability.

The record discloses that prior to the date of the injury respondent had been operated on for a stomach ulcer by Dr. Enloe in Sherman, Tex., on December 17, 1936, at which time the physician repaired a stomach ulcer. The history is that there was an uneventful recovery from the operation, and that respondent returned to work at heavy manual labor about February 1, 1937; that, in July, 1937, he passed a rigid pre-employment examination at the Von Wedel Clinic in Oklahoma City, and on the same day went to work for the petitioner Klein Iron & Foundry Company and

worked without loss of time in its shop up until August 9, 1937. There is no doubt but that the respondent sustained an accidental injury on August 9, 1937. He was working at a lathe, when a wrench handle flew off, knocking him backward onto some machinery. This accidental injury was known to the superintendent, Brown, and the shop foreman, Caler. He was sent to the office of Dr. Graening, who taped his back and stomach. There is a conflict in the evidence of respondent and petitioners with relation to the nature and extent of this injury. Petitioners contend that prior to the filing of the claim on April 29, 1938, respondent never stated that at the time he sustained the accident in August he was hit in the stomach by the handle of the wrench, and that the physician's report shows that he was thrown back upon some machinery, injuring his back and side; but it is admitted that on August 9, 1937, he sustained some accidental injury for which he received treatment at the direction of the petitioner Klein Iron & Foundry Company. There is also a conflict in the evidence with relation to the nature of the respondent's work after August 9, 1937. Petitioners contend that respondent lost no time and returned to the same kind of work; while respondent stated that he was placed on light work for about two weeks and then returned to his regular work. The evidence is also in conflict with relation to what happened on September 17, 1937. Respondent states that he was lifting a brake shoe weighing between 75 and 100 pounds when he was struck in the abdomen by the corner of the shoe. The petitioners take the position that he became ill and went home shortly before noon of the 17th day of September, 1937, and that the only disability that respondent has is the result of a rupture due solely to a gastric ulcer. Subsequent to the date of the last incident respondent never returned to work, but was placed in the hospital and an operation resulted in the resection of the stomach whereby it is disclosed that he now has only about one-half normal stomach. This operation was performed by Dr. Gerster Brown, who testified for the petitioners. The evidence is in irreconcilable conflict. Dr. Harbison, who testified for respondent, stated that the accidental injury of August 9, 1937, in his opinion, is the principal cause of the disability, while Dr. Walker and Dr. Moore, also for the respondent, attribute the disability both to the accidental injury of August 9, 1937, and that of September 17,

1937. All three physicians for the respondent agree that the respondent is temporarily totally disabled, and that such disability is the result of the accidental injury which aggravated the prior condition caused by the operation performed by Dr. Enloe. The cause of the injury and the nature and extent of the disability are questions of fact for the determination of the State Industrial Commission, and its finding thereon, being based upon competent evidence, will not be disturbed by this court. Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P.2d 1212; Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P.2d 1094; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847.

It is next contended that there is no competent evidence to support the finding of the State Industrial Commission that the employer was not prejudiced by failure to give the statutory written notice. There is no dispute as to the fact that the employer, Klein Iron & Foundry Company, had knowledge of the accidental injury of August 9, 1937. No statutory notice was given within 30 days as provided by section 13358, O. S. 1931, 85 Okla. St. Ann. sec. 24. There is a conflict in the evidence both as to the nature of the injury received on that date and the effect thereof. The petitioners claim that they had no notice of any instrument striking the respondent in the abdomen on August 9, 1937; that the only notice they had prior to the date of the filing of the claim on April 29, 1938, was that a wrench handle flew off throwing the respondent backword against some machinery and injuring his back and side. As was said in Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okla. 565, 63 P.2d 21, if the employer received notice of the accident, this was sufficient even though the notice does not specifically enumerate all the injuries received. Since it is established that the employer had information of the accident of August 9, 1937, the fact that petitioners did not know that it would result in a disability to the stomach, or the fact that they were not informed that a stomach injury resulted, would not bar the claim of the respondent if in fact such an injury did result from the accident. Oklahoma Gas & Electric Co. v. Hunsicker, supra; Wolfe v. Carlisle, 182 Okla. 463, 78 P.2d 298; Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235; Gypsy Oil Co. v. Jackson, 158 Okla. 139, 12 P.2d

694; Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P.2d 248.

There is also a conflict in the evidence as to whether the agents of the employer, Klein Iron & Foundry Company were notified of the injury of September 17, 1937. Respondent's wife testified that she notified the shop foreman, Caler, shortly after noon of the day the accident occurred, that respondent had been hurt on the job. Under the provisions of section 13358, supra, it is the duty of the injured employee to give the statutory written notice within 30 days as provided therein. As above stated, it is admitted that this was not done. If the statutory written notice is not given, the State Industrial Commission is authorized to excuse the giving of such notice upon the grounds: (1) That the notice for some sufficient reason could not have been given; (2) or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby. Section 13358, supra; Gulf Oil Corp. v. Garrison, 183 Okla. 631, 84 P.2d 12; Curry v. State Industrial Commission, 182 Okla. 119, 76 P.2d 899. The State Industrial Commission made its finding based on the ground that the petitioners were not prejudiced by a failure to give the statutory written notice, and there is competent evidence reasonably tending to support the finding.

The third contention is that there is an error in the computation of the award. This contention must be sustained. The State Industrial Commission found that the average weekly wage of the respondent was $26. Two-thirds of this amount is $17.33. The same is a purely mathematical calculation and obviously an error of the State Industrial Commission. Under the rule announced in Markham v. State Industrial Commission, 85 Okla. 81, 205 P. 163, this court will not vacate the award because of such error, but will affirm the award, with directions to the State Industrial Commission to correct the mathematical error.

The award is affirmed, with directions to the State Industrial Commission to recompute both the amount of the lump sum payment to and including the date of the award of July 26, 1938, and to order weekly payments thereafter in the sum of $17.33, and as so corrected the award is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.