McCOY TREE SURGERY CO. et al.
v. BATY et al.

No. 35398.   Oct. 21, 1952.

*249 P. 2d 409.*

Mont R. Powell, William R. Saied, and Sam Hill, Oklahoma City, for petitioners.

Holliman & Brewer and Laurence W. Varvel, Bartlesville, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. This is a proceeding by McCoy Tree Surgery Company and State Insurance Fund to review an order of the State Industrial Commission awarding compensation to respondent Kenneth P. Baty.

The respondent in his claim for compensation stated that on July 7, 1949, while in the employ of petitioner McCoy Tree Surgery Company, he sustained an accidental injury and as the result thereof he sustained a broken left forearm, an injured chest, a sprained left shoulder, seven broken ribs and a punctured lung. The injury was caused when the limb of a tree upon which he was working broke and he fell to the ground.

The trial commissioner found that compensation for temporary total disability was paid by his employer up to October 20, 1949, in the sum of $354.17, and that temporary total disability ceased on that day and entered an order accordingly. The commissioner further found that on July 7, 1949, while in the employ of petitioner McCoy Tree Surgery Company, respondent sustained an accidental injury resulting in an injury to his left arm, left shoulder, punctured lung, the breaking of seven ribs and an aggravation of a pre-existing heart condition, and that as a result of said injuries he sustained a 50 per cent permanent partial disability to his body as a whole; that he was entitled to 250 weeks compensation at the rate of $25 per week, or a total sum of $6,250, and entered an award accordingly.

The award was modified on appeal to the commission en banc by deleting that portion of finding number three reciting that respondent as a result of his injury sustained a broken left forearm or hand, and made finding number four that respondent did not sustain any permanent partial disability to his left arm or hand as a result of his accidental injury, and that he was entitled to no compensation for any disability thereto. In all other respects the award was sustained.

Respondent in his claim for compensation made no mention of an injury to his heart. He, however, testified that he did not know that his heart was involved until October 6, 1951, at which time he consulted a physician who then advised him that he was suffering from a heart condition. He further testified that shortly after he sustained his injury he was taken to the hospital and treated by a physician who at that time did not advise him that he had any heart trouble. He testified considerable to-do was made at the hospital; that they gave him several blood transfusions, but the doctor did not inform him as to his condition, but stated that he had no trouble from which he would not fully recover and would be able to go back to work. He did thereafter release him and told him to return to work. He attempted to work but was unable to do so. Every time he tried to work he would grow weak. It was hard for him to breathe. He would get dizzy, black out and fall down.

Petitioners do not contend that the evidence is insufficient to sustain the finding of the commission as modified as to the injury sustained by respondent other than the heart injury.

They rely to vacate the order on two propositions. In proposition No. 1 they state:

"That no notice was given as to claimant's heart injury, if any, thereby prejudicing the rights of petitioners, and, further, the claim for a heart injury is barred for not giving sufficient notice within one year as provided by law."

It is argued by petitioners that they had no knowledge claimant claimed compensation for a heart ailment until the hearing for permanent disability on October 22, 1951, more than two years after the accident occurred and the respondent may not therefore recover compensation for any injury or disability resulting from his alleged heart injury. We have held to the contrary. In Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okla. 565, 63 P. 2d 21, it is stated:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the evidence before the commission shows other or additional injuries caused by the same accident such additional injuries may be taken into consideration in awarding compensation."

See, also, Earl W. Baker & Co. v. Maples, 155 Okla. 105, 8 P. 2d 46; Combination Drilling Co. v. Wiggs, 163 Okla. 88, 20 P. 2d 901; Chicago Bridge & Iron Works v. Lawson, 163 Okla. 224, 22 P. 2d 86.

Petitioners rely on the case of Finance Co. v. James, 188 Okla. 372, 109 P. 2d 818, and similar cases to sustain their contention. In that case we said:

"Where a claimant, at the time an award is made for accidental injuries, knows of injuries other than those for which he is being compensated, and exercises his judgment as to the seriousness of such other injuries and neglects to give notice to his employer or asserts any claim for compensation therefor within one year after the original accident, such claimant should not thereafter be permitted to recover for such undisclosed injuries."

In Dover Oil Corporation v. Bellmyer, 175 Okla. 19, 52 P. 2d 761, we distinguished the cases first above referred to and relied on by respondent from the cases relied upon by petitioners. We there said:

"This case differs from those cases (such as Producers & Refiners Corp. et al. v. Bumpass et al., 163 Okla. 157, 21 P. 2d 510, and Chicago Bridge & Iron Works v. Lawson et al., 163 Okla. 224, 22 P. 2d 86) in which we had held that an injured employee is not bound to know or to gauge the extent of his injuries nor their future developments. We are not holding that claimant was bound to know that he injured his back, nor that he was bound to know that it would bother him in the future. His testimony makes it plain that he did know of the injury to his back from the very time of the accident. We are confronted then, with a different question, to wit, since he did know of the injury to his back from the very first, has he shown that he gave his employer written notice, or that the employer had actual notice thereof, or was not prejudiced by a failure to receive notice of the injury. * * *"

The evidence is undisputed that respondent had no knowledge of any heart injury until October 6, 1951, when he was so informed and advised by the physician then consulted. It is conceded by petitioners that they received timely notice of the accidental injury sustained by respondent on July 7, 1949. Under these facts the present case is governed by the rule announced in the cases first above referred to rather than the cases relied on by petitioners.

In their second proposition petitioners assert there is no competent medical evidence to sustain the finding of the commission that a prior heart condition was aggravated by the accidental injury sustained by respondent on July 7, 1949.

Four medical experts testified or filed written reports which were admitted in evidence as to the cause of respondent's heart condition. The doctor who examined and treated him shortly after the accident stated that his pulse was then somewhat irregular; that he again examined him on October 17, 1951, at which time he rechecked respondent's heart and he then had some heart trouble. He found a marked cardiac

arrhythmia and the rate was 90. The doctor then concluded:

"* * * It is my judgment that because of the present cardiac disease, Mr. Baty is not able to engage in gainful employment. It is also my considered opinion that Mr. Baty's present heart malady is the direct result of the near fatal injury which he sustained in the accident July 7-49."

A third doctor who last examined respondent on November 1, 1951, reached the same conclusion as above quoted. The doctor who examined respondent in October, 1951, also found that respondent was then suffering from a heart condition and testified that from his examination and history of the case obtained from respondent, and after examining and reading the above-quoted report admitted in evidence, he knew of no other reason or cause for respondent's heart injury from which he was now suffering other than the accident sustained by him July 7, 1949. The other physician who testified in the case also testified that respondent was then suffering from a heart ailment, but declined to express a definite opinion as to the cause of such condition. He further testified that certain conditions which other physicians, who had earlier made examinations of respondent, found to exist, would indicate that a pre-existing heart condition may have been aggravated by the accidental injury of July 7, 1949.

The evidence above detailed amply supports the challenged finding of the commission.

The medical evidence is sufficient to show that prior to the time respondent sustained his accidental injury of July 7, 1949, he was affected with a heart ailment which was then dormant and not noticeable to him, but which was aggravated and brought to life by the accident to produce a disability which had not previously existed. Such injury is therefore compensable under the Workmen's Compensation Act. M. & W. Mining Co. v. Lee, 199 Okla. 76, 182 P. 2d 759.

Award sustained.

HALLEY, V. C. J., and GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.