444

Albert GOODELL, Petitioner,

v.

McNAMAR BOILER AND TANK COMPA-
NY, United States Fidelity and Guaranty
Company, and the State Industrial Com-
mission, Respondents.

No. 36659.

Supreme Court of Oklahoma.

June 28, 1955.

Rehearing Denied Sept. 13, 1955.

Watts & Yource, Wagoner, for peti-
tioner.

Fenton & Fenton, H. R. Palmer, Okla-
homa City, Mac Q. Williamson, Atty., Gen.,
for respondents.

WELCH, Justice.

This is a proceeding by Albert Goodell to
review an order of the State Industrial
Commission denying him compensation on a
claim filed by him against his employer,
McNamar Boiler and Tank Company, and
its insurance carrier.

Petitioner in his claim filed on July 6,
1953, states that on June 17, 1952, while in
the employ of respondent, McNamar Boiler
and Tank Company, he sustained an acci-
dental injury to his back and left arm
resulting in some permanent disability to his
person; that the injury occurred when he
fell from a ladder and landed on his back.

The trial commissioner found:

"1. That if claimant sustained an accidental injury, arising out of and in the course of his hazardous employment on June 17, 1952, respondent was prejudiced by claimant's failure to report same.

"2. That the trial commissioner is further of the opinion that claimant's condition at this time is not caused by nor connected with any injury sustained on June 17, 1952.

"3. The trial commissioner further finds that no medical treatment was given nor wages paid in lieu of compensation within one year from date of injury, to date of July 6, 1953, when claimant filed his Form 3."

The trial commissioner, upon these findings, entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioner brings the case here for review, and contends there is a lack of evidence to support any of the above findings.

While there may be some doubt as to whether the evidence is sufficient to sustain the trial commissioner's findings one and three, McCoy Tree Surgery Co. v. Baty, 207 Okl. 285, 249 P.2d 409; Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460, we think it clearly sufficient to sustain finding number two.

Petitioner in support of his claim, in substance, testified: While engaged in the course of his employment with respondent above mentioned, he sustained an accidental injury on the day and in the manner stated in his claim, resulting in some injury to his wrist and back. On the same day his injury occurred he notified his foreman of the injury, but made no mention of a back injury. His foreman took him to respondent's first aid station where treatment was administered to his wrist and the wrist placed in a bandage. He returned to work and worked for some time, but was not able to do his regular work because of the injury to his back. His employer kept him on the payroll and paid him his regular wages, and continued to pay him such wages up to the time of the hearing. During this time, however, he did little, if any, work because of severe pain in his back, all of which was known by his employer.

The foreman then sent him to a Dr. H. who examined him and took three X-ray pictures and gave him some pills. Several days thereafter he saw a representative of respondent's insurance carrier who directed him to see a Dr. J. He saw the doctor who examined him and took four X-ray pictures and directed him to return to Dr. H. for treatment. He returned to the doctor who consulted with him and explained the X-rays taken, but did not administer medical treatment. He further testified that he later saw a Dr. D. whom he was directed to see by his counsel; that the doctor examined him, but did not treat him medically.

He further testified that prior to the time he sustained his injury he had no trouble with his back and was able to do hard manual labor, but since that time he has not been able to do so.

The medical evidence consists of the written reports of the above doctors which reports were admitted in evidence. Dr. H. in his report states petitioner was examined by him at his office on March 6, 1953, and that X-rays were taken. He obtained a case history which is substantially as testified to by petitioner. He further testified that petitioner told him that he started having difficulty in breathing and pain in his back twenty-four hours before coming to his office, and he felt this was due to the above accident which occurred in May or June of 1952. And after stating physical conditions found to exist, the doctor concluded:

"The examination of this man revealed no organic findings nor clinical evidence of disability except the small amount of pus cells in the urine. This finding is indicative of an urinary tract infection and would have no causal relation to his employment nor to the accident which he described. He came to this office with a typical complaint which is quite common at the present time during an influenza epidemic which we are confronted with. It is

my opinion that this man either has acute influenza and/or an urinary tract infection which is resulting in his present complaints. In any instance, this is not a compensable condition. There will be no permanent disability as the result of the fall which he described in the first paragraph of this letter."

Dr. J. in his report, after obtaining a case history, and upon examination of petitioner, described in detail petitioner's physical condition and specifically as to the condition of his bladder, and reached the conclusion that petitioner had no disability as the result of his fall received in June, 1952. It is possible that his bladder symptoms are due to a mild bladder neck obstruction, but this could in no way be related to a fall.

Dr. D. in his report based upon case history, which is substantially as testified to by petitioner, and on his examination including examination of X-rays taken by other doctors, expressed the opinion that petitioner had been somewhat incapacitated prior to the time he sustained his injury which was aggravated by the injury sustained in 1952. This condition could, however, be rehabilitated by muscle exercises under proper supervision. He felt that the trauma petitioner received aggravated the pre-existing condition and has resulted in approximately forty per cent of his present disability, and that he would appreciate the opportunity of treating the patient.

■ This constitutes the medical evidence offered in the case. We think it sufficient to sustain the finding of the Commission that the disability petitioner now has was not caused by the injury sustained in June of 1952.

■ Petitioner further contends that the order made by the Commission was prematurely entered in that it was entered prior to the time the case was submitted for decision. The record in this case discloses that on March 26, 1954, the trial commissioner entered an order setting the case for hearing on April 26, 1954. At that time a hearing was had, all parties in interest appearing and the hearing closed on June 28, 1954. Thereafter, and on July 19, 1954, respondent obtained a supplemental medical report from Dr. H. which he submitted to counsel for petitioner. Counsel for petitioner then wrote a letter to the trial commissioner stating that he had received a copy of the supplemental report of the doctor which respondent desired to offer in evidence, which he agreed might be admitted in evidence under the usual stipulation except that certain statements in the report were objected to, which counsel for respondent agreed might be eliminated subject to his objection.

In his supplemental report the doctor simply confirms the conclusion at which he arrived in his report of March 12, 1953, and makes the further statement that he does not recollect ever having treated petitioner or given him any medicine and that there is no basis for a statement made by petitioner to the contrary. This is the statement to which counsel for petitioner objected, and which it was agreed should be eliminated.

Counsel in his letter, however, did not request that a further hearing be had, or in any manner intimate that he desired to present further evidence. In his assignments of error on appeal to the Commission en banc he did not assign the contention here made as error, nor did he at that hearing request the Commission to remand the cause to the trial commissioner for the taking of further evidence.

The contention of petitioner in this respect is without substantial merit.

The view taken renders it unnecessary to consider the other questions raised.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.