Marvin C. BOWLING, Petitioner,

v.

BLACKWELL ZINC COMPANY, Incorporated, Own Risk, and the State Industrial Commission, Respondents.

No. 38714.

Supreme Court of Oklahoma.

Dec. 22, 1959.

James Duley, Ponca City, for petitioners.

Felix Duvall, Ponca City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding by Marvin C. Bowling, Claimant, to obtain a review of an award of the State Industrial Commission in favor of claimant against Blackwell Zinc Company, employer. The order complained of found that claimant sus-

tained an accidental injury in the course of his hazardous employment with employer, consisting of heat stroke, resulting in permanent partial disability of 5% to the body as a whole, and awarded him compensation for 25 weeks at $30 a week, or $750 in addition to temporary disability from the date of the injury, June 28, 1958, to July 28, 1958, theretofore paid.

Claimant's contentions are: (1) That the finding that claimant's temporary disability ended July 28, 1958, is not supported by competent medical evidence, (2) that the finding that claimant sustained permanent partial disability of 5% to the body as a whole is not supported by competent evidence, (3) that the order omitted any finding on the issue of whether claimant was entitled to reimbursement for medical expenses paid by him in connection with said injury, which was raised by the evidence, (4) that the order omitted any finding on the issue whether claimant sustained a partial loss of hearing as a result of the accidental injury, which was raised by the evidence, and (5) that the order is too indefinite and uncertain for judicial interpretation, in that it does not state when payment of compensation is to begin.

None of these contentions are answered in employer's brief.

In view of our conclusion that the commission erred in not making findings on material issues raised by the evidence, as contended by claimant in (3) and (4) above, requiring vacation of the order, we will limit our discussion to a consideration of those contentions.

Title 85 O.S.1951 § 14 requires the employer to provide for an injured employee such medical treatment as may be necessary during sixty days after the injury and for such further time as in the judgment of the commission may be required, and authorizes employee to provide his own medical treatment if the employer fails to do so, at the expense of the employer. The record shows that following the injury, the employer sent claimant to Dr. B; that said doctor was on vacation,

but his son, Dr. D. B., gave claimant prescriptions for pills which claimant' had filled and paid for, in the sum of $26.96. No finding was made by the Commission on this material issue raised by the evidence.

We have held that claimant is entitled to reimbursement for necessary medical treatment obtained by him with the express or implied consent of the employer. Oklahoma Utilities Co. v. Johnson, 179 Okl. 456, 66 P.2d 10; Higley v. Schlessman, Okl., 292 P.2d 411; McAlester v. Tooman, Okl., 338 P.2d 1083.

Claimant testified:

"A. My hearing is a way off from what it was * * *".

Dr. H. stated in his report, Claimant's Exhibit No. 1, as follows:

"In addition to the above, patient complains of ringing of the ears and some vertigo. He states that he had never had tinnitus prior to the heat exhaustion. * * * Audiogram shows definite hearing loss bilaterally, more marked for low tones in the right ear and more marked for high tones in the left ear. The greatest hearing loss for both ears is in the 4000 double vibration level. Since the onset of ringing in the ears was simultaneous with the heat exhaustion, it is very probable that it is the cause for the injury to the eighth cranial nerve and organ of Corti, producing hearing deficiency and tinnitus."

And in his supplemental report he enclosed results of the audiogram, showing a hearing loss of both ears combined of 21.8%, and expresses an opinion that another 5% should be added to the hearing loss because of the tinnitus.

The above-mentioned medical evidence, based on objective findings, was not controverted or negatived by any of the employer's examining physicians.

■ In Oklahoma Gas & Electric v. Hunsicker, 178 Okl. 565, 63 P.2d 21 (cited and followed in McCoy Tree Surgery v. Baty, 207 Okl. 285, 249 P.2d 409), we held in paragraph one of the syllabus:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature, and cause of the injury. If the evidence before the Commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation." (Emphasis added.)

In the body of the opinion at page 23 of 63 P.2d we said:

"The cases we have cited stand for the principle that if the employer receives notice of the accident this is sufficient even though the notice does not specifically enumerate all the injuries received. This court has repeatedly held that the Workmen's Compensation Act * * * should be liberally construed in favor of the injured employee".

In Baker & Co. v. Maples, 155 Okl. 105, 8 P.2d 46, claimant was injured while digging a ditch when the wall caved in. His first notice of injury made no mention of any injury to his back, but the report of the attending physician showed that claimant sustained a back injury. An award for injuries, including back injury, was sustained on review.

■ In Fischback & Moore of Texas v. State Industrial Commission, 201 Okl. 170, 203 P.2d 422, we held in paragraph three of the syllabus:

"In compensation proceeding, Industrial Commission must make specific findings of ultimate facts responsive to issues as well as conclusions of law upon which an order is made granting or denying compensation. 85 O.S.1941 § 1 et seq."

We conclude that claimant was entitled to findings by the State Industrial Commission on the material issues raised by

the evidence, whether claimant should be reimbursed for necessary medical expenses paid by him, and whether he sustained a partial loss of hearing as the result of the injury.

Award vacated, and case remanded for further proceedings in conformity with this opinion.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD and IRWIN, JJ., concur.

HALLEY and BERRY, JJ., dissent.