L. L. DOCKERY, Petitioner,

v.

DODSON–NELSON CONSTRUCTION COMPANY, the Standard Insurance Company and the State Industrial Court, Respondents.

No. 38796.

Supreme Court of Oklahoma.

Feb. 21, 1961.

Robert N. Woodard, Oklahoma City, for petitioner.

Looney, Watts, Looney, Nichols, & Johnson, Oklahoma City, Mac. Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

On November 5, 1958, L. L. Dockery filed his first notice of injury and claim for compensation stating that while employed by Dodson-Nelson Construction Company, employer, he sustained an accidental injury arising out of and in the course of his employment on September 4, 1958. An award was made by the trial judge July 13, 1959, and this proceeding is brought by claimant against the employer and its insurance carrier, Standard Insurance Company, to review the award in so far as it failed to find that claimant is totally and permanently disabled.

The respondents filed a cross-petition on the ground the only medical evidence related to the claimant's back condition and the order of the court going further is void and that the State Industrial Court can only decide the issues raised in the pleadings and trial.

The record discloses that on September 4, 1958, claimant was employed as a construction worker. While working on a building he was knocked from a six foot wall when struck by a vibrator. He fell across a bank. The record nowhere discloses the nature of this bank. He struck his back when he fell and the vibrator fell on his stomach. The next day he began taking treatments for the injury from a doctor at Sulphur and was subsequently treated by a doctor at Purcell. Two doctors filed reports for respondents and two depositions of separate doctors were filed for claimant.

The award in part is as follows:

"That claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the above named respondent, on September 4, 1958, consisting of injury to his back, abdomen, right shoulder, heart and nervous disorder.

"That claimant's rate of compensation is $35.00 per week for temporary total disability and $30.00 per week for permanent partial disability.

"That claimant was temporarily totally disabled to October 27, 1958, and has been paid all compensation due to October 24, 1958, in the amount of $245.00, which leaves the amount of $17.50 to which claimant is entitled for temporary total disability; and that temporary total disability ended October 27, 1958.

"That as a result of said injury, claimant has sustained 10 per cent permanent partial disability to the body as a whole by virtue of his nervous disorder, for which he is entitled to compensation for 50 weeks; that as a further result of said injury, claimant has sustained 15 per cent permanent partial disability to the body as a whole by virtue of his back injury, for which he is entitled to compensation for 75 weeks; that as a further result of said injury, claimant has sustained 50 per cent permanent partial disability to the body as a whole by virtue of the injury to his abdomen and heart for which he is entitled to compensation for 250 weeks; making in all 375 weeks compensation to which claimant is entitled at the rate of $30.00 per week, or the total amount of $11,250.00, of which 36 weeks have accrued to July 5, 1959, and shall be paid in a lump sum of $1,080.00 balance of award to be paid to claimant at the rate of $30.00 per week from July 5, 1959."

We shall first dispose of the argument made in the cross-petition. It is first stated that the evidence does not support the award in so far as it considers and grants an award based upon claimant's nervous and heart condition. Respondents argue in this respect that the claim was insufficient to support such finding as the claim was for a back injury. In Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okl. 565, 63 P.2d 21, it is stated:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature, and cause of the injury. If the evidence before the commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation. Gypsy Oil Co. v. Jackson, 158 Okl. 139, 12 P. (2d) 694."

In the body of the opinion it is stated:

"The cases we have cited stand for the principle that if the employer receives notice of the accident this is sufficient even though the notice does not specifically enumerate all the injuries received. This court has repeatedly held that the Workmen's Compensation Act * * * should be liberally construed in favor of the injured employee. * * *"

This case has been followed in several cases, among them; Bowling v. Blackwell Zinc Co., Okl., 347 P.2d 1024; McCoy Tree Surgery Co. v. Baty, 207 Okl. 285, 249 P. 2d 409; and J. B. Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okl. 424, 93 P.2d 751.

The claim was sufficient to authorize a full inquiry as to all disability resulting from the injury and the disability due to a nervous and heart condition connected with the injury.

■ We cannot sustain respondents contention that the depositions of claimant's two doctors were never introduced in evidence. At the close of the hearing wherein the claimant testified, his attorney asked for additional time to furnish his medical. The trial court thereupon stated: " * * * The case will be submitted in five days on the claimant's medical." Thereafter the parties through their attorneys stipulated that the depositions would be taken and both parties were represented by counsel at the taking of these depositions. The attorney for the claimant transmitted the two depositions to the trial judge by mail and in the letter of transmittal he offered both depositions in evidence. A copy of the letter was mailed to the attorney for the respondents. The depositions remained on file at least eighteen days before the award was entered. If respondents wished to object to anything in the depositions it was their duty to make the objections known. Farmers Cooperative Ass'n v. Madden, Okl., 356 P.2d 741.

■ Claimant contends it was error to disregard the uncontradicted evidence disclosed by the depositions of claimant's two doctors. Claimant states we have held that where evidence is such as to require medical proof such proof must be offered, and when such uncontradicted evidence is offered it must be accepted. Conceding the merit of such argument, it is not applicable in the case at bar where the medical evidence is in conflict. In such case the State Industrial Court had the right to fix the disability within the range of the medical evidence and if it is supported by competent evidence the award based thereon will not be disturbed by this court on review. Ridenour v. Van Pick Oil Co., Okl., 289 P.2d 135; Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847; and City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094. In Standard Roofing & Material Co. v. Mosley, supra, it is stated:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

There being competent evidence reasonably tending to support the finding of the State Industrial Court the award is sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON and BERRY, JJ., concur.