**GUY JAMES CONSTRUCTION COMPANY and American Motorists Insurance Company, Petitioners,**

v.

**Jerrell HARRIS and State Industrial Court, Respondents.**

**No. 42013.**

Supreme Court of Oklahoma.

Sept. 12, 1967.

Lawrence E. Hoecker, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for petitioners.

K. J. Schwoerke, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

There is presented here for review an award of the State Industrial Court allowing the respondent Jerrell Harris, claimant below, temporary total compensation and directing the petitioner, respondent below, to furnish him additional medical treatment. Parties will be referred to as they appeared before the State Industrial Court.

Claimant in his Form 3 filed in the State Industrial Court states that on August 28, 1961, while employed by the respondent as a steel worker his safety belt slipped causing him to fall and sustain injuries described as "Hernia on left side and internal injuries." He was 27 years old on the date of his accident. The occurrence of the accident and the fact that claimant was employed at work coming within the Workmen's Compensation Act are not contested.

Claimant reported the accident to his employer (respondent) at the time it occurred. On the following day respondent sent claimant to Drs. M and C for examination and treatment. On August 31, 1961, Dr. M performed an operation on the claimant repairing a left inguinal direct and indirect hernia. Claimant was discharged from the hospital on September 9, 1961. Dr. M dismissed claimant as cured on November 31, 1961. Respondent had paid the claimant 14 weeks total temporary compensation provided by statute for a hernia disability.

On July 21, 1964, claimant filed a motion stating that since the date of the injury he has been unable to resume his work as a construction worker and is advised by doctors that he has pinched nerves and will not be any better until such condition is corrected.

The case was tried before the State Industrial Court on October 12, 1964.

Claimant testified that on the date the accident occurred and prior to the accident he had a nine year safety record as a construction worker without sustaining an accident or injury. He had been working on this particular job four and one-half months before the date of the accident. On August 28, 1961, about 1:30 P.M., he was working for respondent as a steel worker. He was tying steel and was suspended by his safety belt approximately 14 feet above the ground. The hook on his safety belt slipped. He slid down causing him to be jerked. He felt pain "like someone put a knife in the middle of my (his) back." He told the foreman who signed the accident report that he had "pulled some muscles loose." He made a few more ties. He had pain and was sick. He sat or laid down the rest of the afternoon. He filled out an accident report and went home. ·

During the night he suffered pain. The next morning he reported back to the job. Respondent sent him to Dr. M and on the following day sent him to Dr. M and Dr. C for examination and treatment. Dr. M operated on him on August 31, 1961. He was dismissed from the hospital on September 9, 1961.

Claimant testified that he told Dr. M that he hurt "plum around" and continued to hurt after the operation. He complained to the respondent and they sent him to Dr. K B for an examination. Dr. K B examined the claimant on November 14, 1961. Claimant stated that Dr. K B told him that he (claimant) probably had "some pinched nerves."

Claimant further testified that after leaving the hospital under advice from Dr. M he remained home recuperating for about three months. He spent 7 or 8 hours each day in bed resting. He then attempted to drive a tractor and do light work but was unable to do this type of work regularly. He would work a day, suffering from pain, and then remain in bed for a day. He has been unable to work at construction since the date of the accident.

■ Claimant submitted in evidence the medical report of Dr. H and the deposition of Dr. D C B. Respondent submitted medical reports of Dr. M, Dr. K B and Dr. D R B. The report of Dr. A, a court appointed doctor, was submitted. The medical evidence is conflicting. Respondent does not challenge the sufficiency of the evidence to

sustain the award. We have examined the evidence and it is sufficient to sustain the decision of the State Industrial Court holding that the claimant is temporarily totally disabled and in need of additional medical treatment.

Respondent's sole contention on appeal to this court is that allegations of injuries sustained described in claimant's first notice of injury (Form 3) are insufficient to apprise respondent of claimant's contended injury to the back and other parts of the body, therefore claims for such injuries are barred by the one year statute of limitations. 85 O.S.1961, § 43.

Claimant's Form 3 recites that as the result of the accident he sustained "Hernia on the left side and internal injuries."

■ We have held that exact precision is not required of the injured employee in the filing of notice of injury under the provisions of the Workmen's Compensation Act, 85 O.S.1961, § 24, and the notice is sufficient if it states in ordinary language the nature and extent of the contended injury. In Earl W. Baker & Co. v. Maples, 155 Okl. 105, 8 P.2d 46, we said:

"Exact precision is not required in describing the nature and extent of injuries claimed, for all that is required by section 7292, C.O.S.1921 (now 85 O.S.1961, § 24) is that notice shall state in ordinary language the nature and cause of injury. The claimant may be entirely mistaken as to the nature or extent of the injury. Such matters are to be determined by the evidence presented before the Commission."

Other cases to the same effect are Davis-Wharton Drilling Co. v. James, Okl., 337 P. 2d 1094; McCoy Tree Surgery Co. v. Baty, 207 Okl. 285, 249 P.2d 409; and Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okl. 565, 63 P.2d 21.

In McCoy Tree Surgery Co. v. Baty, supra, we held that the failure of the claimant to recite in his notice a claim of alleged heart condition, and employer had no notice of such claim until more than two years after the accident, did not bar claimant's right to compensation for such heart condition aggravated by the accident.

In Davis-Wharton Drilling Co. v. James, supra, we held that the failure of the claimant to allege in his notice of injury to the pancreas as the result of the accident did not preclude recovery for such injury if it was caused by the accident.

In this case claimant verbally reported the accident to the respondent at the time it occurred. Within a few days thereafter he was examined by two doctors selected by the respondent. Claimant testified that he told both of these doctors that he had pain in various parts of his body including his back. One doctor in his report states that claimant made no complaints of injuries to his back. The other doctor did not testify. Dr. M selected by respondent on the third day after the accident performed an operation on the claimant. Claimant was under his care for a period of several months. Approximately six weeks after the hernia operation had been performed by Dr. H, claimant continued to have pain in his back and other parts of the body. He complained to the respondent and they sent him to Dr. K B for an examination. Dr. K B examined the claimant on November 16, 1961. Claimant testified that Dr. K B told him that he probably had some "pinched nerves." Dr. K B does not deny making this statement in his written report.

■ Within a period of three months after the accident claimant was examined and treated by three different doctors selected by the respondent and was afforded ample opportunity to make such tests and examinations as it deemed necessary for determining the extent and nature of claimant's injuries. It was not prejudiced by any failure of the claimant to more accurately describe his injuries in his notice of injury. National Zinc Co. v. Van Gunda, Okl., 402 P.2d 264.

■ Respondent relies heavily upon the case of Hambley v. Foster Wheeler Corporation, Okl., 395 P.2d 582. In our opinion the facts in that case are distinguishable

from the facts in the present case. In the cited case the claimant alleged only a leg injury and more than a year later attempted to include a recovery for an injury to his back, allegedly caused by the same accident. In the cited case the order denying the award was sustained by this court on the theory that the two injuries were unrelated and the one year statute of limitations was applicable. Under the facts in the present case the words other "internal injuries," are sufficient to describe the general nature of claimant's injuries.

Until the present proceeding the extent of claimant's injuries, as alleged in his original claim, had never been adjudged or determined by the State Industrial Court. This fact distinguishes the present case from the case of Tomberlin v. General American Transportation Corp., Okl., 295 P.2d 811, which was an agreed judgment, by stipulation, which covered all phases of claimant's alleged injuries. In that case the involved injury had been adjudicated.

The award of the State Industrial Court is sustained.

All the Justices concur.